IN THE UNITED STATED DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:17-cv-00995

| | |
|---|---|
| KENNETH KOEPPLINGER, on Behalf of Himself and Others Similarly Situated,<br><br>Plaintiff,<br>v.<br><br>SETERUS, INC.,<br><br>Defendant. | **COMPLAINT – CLASS ACTION**<br>[JURY TRIAL DEMANDED] |

Kenneth Koepplinger ("Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against Seterus, Inc. ("Seterus" or "Defendant") and states:

## NATURE OF THE ACTION

1. This is a consumer protection action brought by Plaintiff and others similarly situated to obtain redress from Seterus' systematic use of unlawful and unfair debt collection practices to collect upon residential consumer mortgage loans.

2. Specifically, Seterus sends borrowers form letters alleging that the borrowers are in default of their mortgages and that the failure to immediately make a *full and complete* payment of all arrearages will result in immediate acceleration of their loan (hereinafter referred to as the "NC Final Letter"). However, the false ultimatum contained in the NC Final Letter contradicts Seterus's actual policy to *never* accelerate a loan so long as *any* payment sufficient to bring the loan less than 45 days delinquent is made prior to the expiration date set forth in its NC Final Letter.

1

3. The NC Final Letter sent by Seterus to Plaintiff and others similarly situated is a false and misleading threat of acceleration and foreclosure designed to intimidate borrowers into making payments to Seterus that are beyond their means and beyond what is necessary to avoid acceleration and save their homes from foreclosure.

4. This case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, *et seq.* ("FDCPA"); the North Carolina Collection Agency Act, N.C.G.S. § 58-70, *et seq.* ("NCCAA"); the North Carolina Debt Collection Act ("NCDCA"), N.C.G.S. § 75-50, *et seq.*, and the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, *et seq.*, ("UDTPA").

5. This class action is filed pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all borrowers to whom Seterus has or will send one or more NC Final Letters pursuant to Seterus' standardized policies and procedures during the applicable statute of limitations period in violation of Federal and North Carolina law as further set forth herein.

## JURISIDICTION AND VENUE

6. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The matters in controversy in this action exceed $5,000,000.00 in statutory damages.

8. Further, this Court also has federal question jurisdiction under 28 U.S.C. § 1331 because this action involves violations of a federal statute, the FDCPA.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendant maintains its principal place of business in this District.

## PARTIES

10. Plaintiff is a citizen and resident of Wake County, North Carolina.

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

12. Plaintiff is a "consumer" as that term is defined by N.C.G.S. § 75-50.

13. Plaintiff is a "consumer" as that term is defined by N.C.G.S. §58-70-15.

14. Seterus is a corporation organized and existing under and by virtue of the laws of the State of Delaware with a principal place of business in Research Triangle Park, North Carolina.

15. Seterus frequently acts as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

16. Seterus is a "collection agency" as defined by the North Carolina Collection Agency Act ("NCCAA"), N.C.G.S. § 58-70-15.

17. Alternatively, Seterus is a "debt collector," as defined by the North Carolina Debt Collection Act ("NCDCA"), N.C.G.S. § 75-50.

18. Seterus is regularly engaged in the business of collecting debt in the State of North Carolina. Its employees, affiliates, directors, agents, and attorneys act under the direction and supervision of Seterus and, therefore, Seterus is responsible and/or vicariously liable for the actions of its employees, affiliates, directors, agents, and attorneys under, *inter alia*, the theory of *respondeat superior*.

## FACTUAL ALLEGATIONS

19. Plaintiff is an owner of a residential home located at 314 Henderson Street in Oxford, North Carolina 27565. This home is secured by a mortgage owned, backed, or controlled by Federal National Mortgage Association ("Fannie Mae") that is serviced by Seterus.

20. Seterus is a servicer of mortgages for residential housing loans owned, backed, or controlled by Fannie Mae. As a mortgage servicer, Seterus contracts with Fannie Mae to collect payments, fees, and other amounts owed by the home owner and to provide other "services" to investors relating to the home owner's loan.

21. Upon information and belief, Seterus services not less than hundreds of thousands of loans throughout the United States, including Plaintiff's mortgage loan.

22. Seterus is not a bank and does not lend money to purchasers for home loans.

23. Seterus is not owned or controlled by a bank, corporation or association engaged in accounting, bookkeeping, or data processing services where a primary component of such services is the rendering of statements of accounts and bookkeeping servicers for creditors.

24. Because it does not originate customer's home mortgage loans, Seterus only becomes involved with a customer if it acquires the servicing rights to a portfolio of loans from Fannie Mae or if Fannie Mae agrees to allow Seterus to purchase the servicing rights to a portfolio of loans from another servicer.

25. When Seterus acquires the servicing rights to a particular loan portfolio,

many of the loans, if not the majority of the loans, contained in that portfolio are delinquent when Seterus acquires the rights to the portfolio.

26. Other loans contained in Seterus' portfolio become delinquent during the course of Seterus' servicing of the loans.

27. Upon information and belief, when loans for North Carolina customers become more than 45 days delinquent, Seterus sends a letter that it refers to as a "NC Final Letter" to coerce and intimidate the borrower into paying the entire default amount of the loan.

28. Attached as **Exhibits A-M** are true and correct copies of NC Final Letter sent to Plaintiff Kenneth Koepplinger.[1]

29. Upon information and belief, **Exhibits A-M** are substantially the same letter sent to all borrowers in North Carolina who are more than 45 days delinquent on a loan that Seterus' services.

30. The NC Final Letter specifically states:

> "If full payment of the default amount is not received by us . . . on or before the Expiration Date, *we will accelerate* the maturity date of your loan and upon such acceleration the ENTIRE indebtedness of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and owing." *Id*.(emphasis added).

> The NC Final Letter further states:

> If you send only a partial payment, the loan still will be in default and we may keep the payment and *still will* accelerate

---

[1] These exhibits are non-exclusive examples of the NC Final Letters sent to Plaintiff. Exhibit K is missing page 2 and Exhibit L is missing page 3. The exhibits are in chronological order and include NC Final Letters that were sent to multiple addresses on the same date to illustrate the barrage of false threats to which Seterus subjects consumers.

5

the maturity date. *Id*. (emphasis added).

31. In fact, by Seterus' own admission in a Rule 30(b)(6) deposition, it testified it has a policy of ***never*** accelerating a loan as long as a payment is made that brings the amount that Seterus claims to be owed to less than the amount of the customer's monthly payment

32. The following is a relevant portion of Seterus' deposition[2]:

> Q. My understanding of your testimony just now is that if Seterus receives a payment in response to an NC Final, then the debt is no longer 45 days due and so that's sufficient to hold off the acceleration process?
> A. That's correct.
>
> Q. Okay. And is that -- is that Seterus' policy just with regard to North Carolina?
> A. That's Seterus' policy for the loans where we are accepting payments and we're able to apply full contractual payment to the loan.
>
> Q. Okay. So in response to a letter like Exhibit 11[3], Seterus' policy, if they're accepting payments, is if they receive an amount equal to a normal monthly payment, they will not accelerate the debt?
> A. As long as, right, it brings the loan less than 45 days due.
>
> Q. Okay. Where does it say that in this letter that if you make one payment or enough such that one payment is recorded, we won't do this, or does it say that?
> A. Well, the expiration date provides really the -- the timeline where the customer needs to make some sort of payment so that the 45 days are not past due.
>
> Q. Not some sort of payment, $3,204.72, that's what it says, right?

---

[2] *See attached* **Exhibit N** (a true and accurate copy of pages 177-180 of Seterus' 30(b)(6) deposition) and **Exhibit O** (a true and accurate copy of the corresponding Notice of Deposition to Seterus Inc.).
[3] Exhibit 11 (a true and accurate copy of which is attached hereto as **Exhibit P)** was an NC Final Letter substantially similar to **Exhibits A-M**.

6

> A. Yes. And we're allowing the customer, we're also -- yes. We would like the $3,204.72. But our objective is not to foreclose on our customers. Our objective is to be able to take -- even if it's a partial payment, if where -- if they're in the bucket where a partial payment can be made, our objective is to collect that payment to help them stay in their house. Because them making payments, staying in their house helps us in our business as well. Foreclosing on them is really not, you know, helpful to us nor to them.
>
> Q. Yeah.
> A. And so therefore, this letter is sent out per the guidelines that are outlined and we allow the customer -- we allow the customer to make that partial payment. And then when a full -- if a partial payment does not equal the contractual payment, then your -- then this letter still -- still stands. But because a contractual payment is able to be applied to the loan account, then we don't have to continue with the -- this letter.

[Seterus Dep. at pp. 177:11-180:10]

33. The NC Final Letters have the effect of misrepresenting to consumers what amounts they must pay to Seterus in order to continue to own their homes.

34. The NC Final Letters cause borrowers to believe that they will lose their homes if all arrearages to Seterus are not paid within 30 days.

35. Upon information and belief, Seterus uses the identical above language in all of its NC Final Letters that are sent to borrowers who are in default.

36. Plaintiff has received numerous NC Final Letters substantially identical to **Exhibits A-M**.

37. Upon information and belief, each class member has received one or more NC Final Letters.

38. Each NC Final Letter constitutes a separate violation of the FDCPA, the

7

NCCAA, the NCDCA and/or North Carolina's UDTPA.

39. As a result of the forgoing, Plaintiff has experienced anxiety, stress, anger, frustration, and mental anguish.

**COMMON CLASS ALLEGATIONS:**
**"North Carolina State Law Class"**

40. The forgoing allegations are hereby reincorporated by reference as if fully restated herein.

41. Seterus is a "collection agency" as defined by the North Carolina Collection Agency Act ("NCCAA"), N.C.G.S. § 58-70-15.

42. Alternatively, Seterus is a "debt collector," as defined by the North Carolina Debt Collection Act ("NCDCA"), N.C.G.S. § 75-50.

43. Plaintiff and each member of the proposed North Carolina State Law Class are "consumers," as that term is defined by N.C.G.S. § 58-70-90.

44. Alternatively, Plaintiff and each member of the proposed North Carolina State Law Class are "consumers," as that term is defined by N.C.G.S. § 75-50.

45. Pursuant to Federal Rule of Civil Procedure 23, Plaintiff brings this action individually and on behalf of a class which is tentatively defined as:

> All consumers throughout the State of North Carolina who were sent a letter from Seterus substantially similar or materially identical to the NC Final Letters delivered to Plaintiff (**Exhibits A-M**), within the applicable limitations period. (the "North Carolina State Law Class")

46. The individuals protected by the North Carolina State Law Class are limited by the applicable statute of limitations prior to the filing of this Complaint,

8

Case 1:17-cv-00995-CCE-LPA   Document 1   Filed 11/02/17   Page 8 of 20

through the date of notice of the class certification is issued to the North Carolina State Law Class.

47. Excluded from the North Carolina State Law Class are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Seterus and any entity in which Seterus has a controlling interest in Seterus and its legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the Class.

48. *Numerosity*: Plaintiff is unable to provide a specific number of members of the North Carolina State Law Class because that information is solely in the possession of Seterus. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Seterus' business records. Upon information and belief, the putative North Carolina State Law Class contains at least a hundred consumers and likely exceeds several thousand consumers and is therefore so numerous that joinder of all members would be impracticable.

49. *Commonality*: Seterus, in seeking to collect Plaintiff's mortgage loan debt and the debt of each member of the proposed North Carolina State Law Class, sent letters threatening to accelerate each member of the class's debt when Seterus had no intention to accelerate the debt. Each and every member of the proposed North Carolina State Law Class is subject to Seterus' policies and procedures.

50. Each member of the proposed North Carolina State Law Class has a debt for which Seterus acquired the servicing rights.

51. Furthermore, common questions of law and fact predominate over any individual issues that may be presented, because Seterus has a pattern, practice and policy of communicating with all borrowers in a manner that violates federal and state collection laws. Common questions include, but are not limited to:

    a. Whether Seterus' pattern, practice, and policy of collecting and/or attempting to collect debt through the use of the NC Final Letter, or some other written correspondence substantially similar to the NC Final Letter, constitutes a violation of the NCCAA or NCDCA.

52. *Typicality*: The claims of Plaintiff are typical of the claims of the proposed class and all are based on the same facts and legal theories, as all such claims arise out of Seterus' conduct.

53. *Adequate Representation*: Plaintiff is an adequate representative of the class in that he does not have antagonistic or conflicting claims with other members of the class. Plaintiff has also retained counsel experienced in the prosecution of complex class actions, specifically including experience with consumer class actions.

54. Neither Plaintiff nor his counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of his responsibilities to the putative class and has accepted such responsibilities.

55. *Predominance and Superiority*: The class is appropriate for certification because questions of law and fact common to the members of the North Carolina State Law Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this

controversy, since individual joinder of all members of the North Carolina State Law Class is impracticable. Should individual class members be required to bring separate actions, this Court or courts throughout North Carolina would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

56. Further, Seterus has acted and refused to act on grounds generally applicable to the proposed North Carolina State Law Class, thereby making appropriate final injunctive and declaratory relief with respect to the Class as a whole.

## COMMON CLASS ALLEGATIONS
### "FDCPA Sub-Class"

57. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

58. Pursuant to Federal Rules of Civil Procedure 23, Plaintiff has brought this action individually and on behalf of a class which is tentatively defined as:

> All consumers throughout the State of North Carolina whose servicing rights were acquired by Seterus after their loan was in default and who were sent a letter from Seterus substantially similar or materially identical to the NC Final Letters delivered to Plaintiff (**Exhibits A-M**), within one year from the date of filing of this Complaint (the "FDCPA Sub-Class").

59. The FDCPA Sub-Class Period for purposes of this Complaint is for the one-year period prior to the filing of this Complaint, through the date of notice of the class certification is issued to the FDCPA Sub-Class.

60. Excluded from the FDCPA Sub-Class are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) Seterus and any entity in which Seterus has a controlling interest in Seterus and its legal representatives, assigns and successors; and (c) all persons and entities who properly execute and file a timely request for exclusion from the FDCPA Sub-Class.

61. *Numerosity*: Plaintiff is unable to identify the exact number of members of the FDCPA Sub-Class because that information is solely in the possession of Seterus. However, the exact number of class members, including the names and addresses of all class members, will be easily ascertained through a review of Seterus' business records. Upon information and belief, Plaintiff believes that the putative FDCPA Sub-Class is at least 100 consumers and likely exceeds several thousand consumers and is therefore so numerous that joinder of all members would be impracticable.

62. *Commonality*: Seterus, in seeking to collect Plaintiff's mortgage loan debt and the debt of each member of the proposed class, sent letters threatening to accelerate each member of the class's debt when it had no intention to accelerate the debt. Each and every member of the proposed FDCPA Sub-Class is subject to Seterus' policies and procedures.

63. Seterus frequently acts as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

64. Each member of the proposed FDCPA Sub-Class are "consumers," as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

65. Each member of the proposed FDCPA Sub-Class has a "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

66. Each member of the proposed FDCPA Sub-Class has a debt for which Seterus acquired the servicing rights after the debt was in default.

67. Furthermore, common questions of law and fact predominate over any individual issues that may be presented, because Seterus has a pattern, practice and policy of communicating with all borrowers in a manner that violates federal and state collection laws. Common questions include, but are not limited to:

   a. Whether Seterus' pattern, practice, and policy of collecting and/or attempting to collect debt through the use of the NC Final Letter, or some other written correspondence substantially similar to the NC Final Letter, constitutes a violation of the FDCPA;

68. *Typicality*: The claims of Plaintiff are typical of the claims of the proposed FDCPA Sub-Class and all are based on the same facts and legal theories, as all such claims arise out of Seterus' conduct.

69. *Adequate Representation*: Plaintiff is an adequate representative of the FDCPA Sub-Class in that he does not have antagonistic or conflicting claims with other members of the class. Plaintiff has also retained counsel experienced in the prosecution of complex class actions, specifically including consumer class actions.

70. Neither Plaintiff nor his counsel have any interests that might cause them

13

Case 1:17-cv-00995-CCE-LPA   Document 1   Filed 11/02/17   Page 13 of 20

not to vigorously pursue this action. Plaintiff is aware of his responsibilities to the putative FDCPA Sub-Class and have accepted such responsibilities.

71. *Predominance and Superiority*: The FDCPA Sub-Class is appropriate for certification because questions of law and fact common to the members of the FDCPA Sub-Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the FDCPA Sub-Class is impracticable. Should individual class members be required to bring separate actions, this Court or courts throughout North Carolina would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

72. Further, Seterus has acted and refused to act on grounds generally applicable to the proposed class, thereby making appropriate final injunctive and declaratory relief with respect to the FDCPA Sub-Class as a whole.

## FIRST CAUSE OF ACTION
(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*)

73. The forgoing allegations are hereby reincorporated by reference as if fully restated herein.

14

74. Seterus often acts as a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692a(6).

75. Seterus' correspondence to Plaintiff and the Class set forth herein as **Exhibits A-M** expressly state, "THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR." (emphasis in original).

76. Plaintiff and all members of the FDCPA Sub-Class are "consumers," as defined by the FDCPA, 15 U.S.C. § 1692a(3) since they are natural persons allegedly obligated to pay a consumer debt.

77. At all material times, Plaintiff's debt and the debts of the FDCPA Sub-Class members were "debt," as defined by the FDCPA, 15 U.S.C. § 1692a(5).

78. Collection letters such as those attached to this Complaint as **Exhibits A-M** are to be evaluated by the objective standard of the hypothetical "least sophisticated" consumer test.

79. FDCPA 15 U.S.C. § 1692e states in pertinent part:

> A debt collector may not use false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

80. FDCPA section 1692(f) states in pertinent part that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

81. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692e, in that it used false representations and deceptive means to collect or attempt to collect the Debt; threatened action it did not intend to take; and threatened to take action that it could not legally take;

82. As a result of Seterus' unlawful attempts to collect debt, Plaintiff and the FDCPA Sub-Class Members are entitled to actual and statutory damages, as well as their reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
(Violations of the North Carolina Collection Agency Act, N.C.G.S. § 58-70, *et seq.*)

83. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

84. Seterus is a "debt collection agency" as defined by the North Carolina Collection Agency Act ("NCCAA"), N.C.G.S. § 58-70-15.

85. Plaintiff and the North Carolina Class are "Consumers" as that term is defined by N.C.G.S. § 58-70-90.

86. Seterus has attempted to collect debt in violation of N.C.G.S. § 58-70-95 from Plaintiff and the North Carolina Class in that it has falsely represented that immediate nonpayment would result in acceleration of their loan when such action was not intended; threatened action it did not intend to take; and threatened action which could not legally be taken.

87. As a result of Seterus' unlawful attempts to collect debt, Plaintiff and the North Carolina Class are entitled to actual and statutory damages per violation, as well as

16

their reasonable attorneys' fees.

### THIRD CAUSE OF ACTION (*in the alternative*)
(Violations of the North Carolina Debt Collection Act, N.C.G.S. § 75-50, *et seq.*)

88. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

89. If Seterus is not a collection agency pursuant to the NCCAA, Seterus is a "debt collector" as defined by the NCDCA, N.C.G.S. § 75-50.

90. Plaintiff and the North Carolina Class are "consumers" as that term is defined by N.C.G.S. § 75-50.

91. Seterus has attempted to collect debt in violation of N.C.G.S. § 75-57 from Plaintiff and the North Carolina Class in that it has falsely represented that immediate nonpayment would result in acceleration of their loans when such action was not intended; threatened action it did not intend to take; and threatened action which could not legally be taken.

92. As a result of Seterus' unlawful attempts to collect debt, Plaintiff and the North Carolina Class are entitled to actual and statutory damages per violation, as well as their reasonable attorneys' fees.

### FOURTH CAUSE OF ACTION
(Violations of the Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1)

93. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

94. The actions, practices, and conduct displayed by Seterus are in and affecting commerce as defined under the UDTPA.

95. Seterus has violated the UDTPA by utilizing unfair, coercive, false, deceptive, and misleading practices, actions and representations in connection with its sending of the NC Final Letters.

96. The NC Final Letters sent by Seterus possessed the tendency to mislead or created likelihood of deception, in violation of N.C.G.S. § 75-1.1.

97. Upon information and belief, Seterus' unfair and deceptive conduct, representations, and omissions, as herein alleged, are all pursuant to policies, practices, and procedures created, adopted, and implemented for all of their servicing in North Carolina.

98. The forgoing allegations constitute unfair or deceptive acts or practices in or affecting commerce in violation of N.C.G.S. § 75-1.1.

99. The foregoing unfair or deceptive acts or practices in or affecting commerce directly and proximately caused Plaintiff and all others similarly situated anxiety, stress, anger, frustration, mental anguish, and other actual damages to be proved at trial.

100. As a direct and proximate result of Seterus' unfair and/or deceptive acts and practices, in or affecting commerce, Plaintiff and all others similarly situated are entitled to recover treble damages from the Seterus, pursuant to N.C.G.S. § 75-16, or to recover punitive damages pursuant to N.C.G.S. § 1D-1 *et seq.*

101. Plaintiff and all others similarly situated are also entitled to recover their reasonable attorneys' fees and costs as provided for in N.C.G.S. § 75-16.1.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Kenneth Koepplinger and all others similarly situated pray the Court for judgment as set forth below:

1. Certifying this action as a class action as provided by Rule 23 of the Federal Rules of Civil Procedure, appointing Plaintiff as a class representative, and appointing the undersigned as Class Counsel;

2. Adjudging that Seterus violated the FDCPA sections as enumerated above, and awarding Plaintiff and members of the FDCPA Sub-Class actual and statutory damages pursuant to the FDCPA;

3. Adjudging that Seterus violated the NCCAA, or in the alternative the NCDCA sections as enumerated above, and awarding Plaintiff and the members of the North Carolina Class actual and statutory damages;

4. Awarding Plaintiff and all Class Members their reasonable attorneys' fees and costs incurred pursuant to the FDCPA, NCDCA, NCCAA and UDTPA;

5. That the compensatory damages of Plaintiff and the Class Members be trebled by the Court pursuant to Chapter 75 of the North Carolina General Statutes;

6. For punitive damages to the extent allowed by law;

7. That the costs of this action be taxed to Seterus;

8. For a trial by jury on all issues so triable; and,

9. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 2<u>nd</u> day of November, 2017.

| **MAGINNIS LAW, PLLC** <br> *Counsel for Plaintiff* <br><br> /s/ Asa C. Edwards <br> Edward H. Maginnis <br> N.C. State Bar No. 39317 <br> Karl S. Gwaltney <br> N.C. State Bar No. 45118 <br> Asa C. Edwards <br> N.C. State Bar No. 46000 <br> 4801 Glenwood Avenue, Suite 310 <br> Raleigh, North Carolina 27612 <br> Telephone: 919-526-0450 <br> Facsimile: 919-882-8763 <br> emaginnis@maginnislaw.com <br> kgwaltney@maginnislaw.com <br> aedwards@maginnislaw.com | **WHITFIELD BRYSON & MASON LLP** <br> *Counsel for Plaintiff* <br><br> /s/ Scott C. Harris <br> Scott C. Harris <br> N.C. Bar No. 35328 <br> Patrick M. Wallace <br> N.C Bar No. 48138 <br> 900 W. Morgan Street <br> Raleigh, North Carolina 27603 <br> Telephone: (919) 600-500 <br> Facsimile: (919) 600-5035 <br> scott@wbmllp.com <br> pat@wbmllp.com |