IN THE UNITED STATED DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:17-cv-995

TRACY ADAMS, CARRIE ALBERS, )
NICOLE BARILLA, WALTER BEST, JR., )
LASHONDA BUTLER, DAVID DUGAN, )
MICHAEL ELLISON, TRISTAN EVANS, )
ANITA FISHER, JUDITH FORDHAM, )
DANI GANNON, ROBERT AND )
SANDRA HEINITZ, TORROL HOLT, )
KENNETH KOEPPLINGER, LOIS KERR, )
PAMELA LAVENHOUSE, BRIDGET )
LEAK, CHARLES MCDONALD, )
DARRELL PEEBLES, SUSAN SAVAGE, )
BERNICE SCOTT, LUKHWINDER AND )
RATTANDEEP SIDHU, RHODA SMITH, )
MICHAEL SPEHR, WILLIAM )
VAUGHAN, KAY WENGER, AND )
PATRICIA WILLIAMS ON BEHALF OF )
THEMSELVES AND OTHERS )
SIMILARLY SITUATED, )
                                                        )
                                                        )
                        Plaintiffs, )
                                                        )
v. )
                                                        )
                                                        )
SETERUS, INC., and )
NATIONSTAR MORTGAGE LLC )
(*as successor in interest to Seterus, Inc.*) )
                                                        )
_____
                        Defendants.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT,**
**CERTIFYING CLASSES FOR PURPOSE OF SETTLEMENT, DIRECTING**
**<u>NOTICE TO THE CLASSES, AND SCHEDULING FAIRNESS HEARING</u>**

Plaintiffs and Defendant (collectively "the Parties") entered into a

Settlement Agreement ("the Settlement Agreement"), subject to Court approval, to settle this litigation ("the Litigation") and file this Memorandum in Support of the Motion for Preliminary Approval of the Proposed Settlement ("Motion for Preliminary Approval"). The Settlement Agreement sets the terms and conditions for settlement and dismissal of the Litigation. Pursuant to Federal Rule of Civil Procedure 23(e), Plaintiffs respectfully seek an order (i) preliminarily approving the Settlement Agreement; (ii) provisionally certifying the Classes and appointing the Class Representatives and Class Counsel; (iii) approving the notice and authorizing dissemination to the Members of the Classes; and (iv) setting dates and procedures for the fairness hearing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### a. Factual Background

Plaintiffs brought this action against Seterus, Inc. ("Seterus") and Nationstar Mortgage LLC ("Nationstar") (collectively "Seterus" or "Defendants") due to systematic use of unlawful debt collection practices based upon Seterus' form letters ("Final Letters") threatening to accelerate loans and foreclose if full and complete payment of arrearages ("Default Amount") was not made within 50 days ("Expiration Date") contradicting Seterus' actual policy. Plaintiffs brought claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, North Carolina Debt Collection Act ("NCDCA"),

2

N.C.G.S. § 75-50; the Michigan Regulation of the Collection Practices Act, MCL

§ 445.252, *et seq.,* and the Rosenthal Act, Cal. Civ. Code § 1788 et seq.

| Case Name | Case No. | District Court | Date Filed |
|---|---|---|---|
| *Tracy Adams v. Seterus, Inc.* | 2:18-cv-12731-DPH-EAS | E.D. Mich. | Sept. 4, 2018 |
| *Carrie Albers v. Seterus, Inc.* | 2:18-cv-02440-KHV-KGG | D. Kan. | Aug. 4, 2018 |
| *Nicole Barilla et al. v. Seterus, Inc., et al.* | 2:19-cv-00046-JLB | M.D. Fla. | Jan. 25, 2019 |
| *Anita Fisher v. Seterus, Inc., et al.* | 0:19-cv-01382-MJD-HB | D. Minn. | May 24, 2019 |
| *Judith Fordham, et al. v. Seterus, Inc. et al.* | 3:18-cv-13808-BRM-LHG | D. N.J. | Sept. 12, 2018 |
| *Robert Heinitz, et al. v. Seterus, Inc.* | 1:18-cv-01076-LEK-ATB | N.D.N.Y. | Sept. 7, 2018 |
| *Kenneth Koepplinger, et al. v. Seterus, Inc.* | 1:17-cv-00995-CCE-LPA | M.D.N.C. | Nov. 2, 2017 |
| *Bridget Leak v. Seterus, Inc.* | 3:19-cv-00021-TCB-RGV | N.D. Ga. | March 1, 2019 |

| | | | |
|---|---|---|---|
| *Darrell Peebles v. Seterus, Inc.* | 2:19-cv-00242-JAM-KJN | E.D. Cal. | Feb. 7, 2019 |
| *Susan Savage v. Seterus, Inc., et al.* | 2:19-cv-00021-TCB-RGV* *Transferred to M.D. Fla. on January 15, 2020. Consolidated with *Barilla* on May 7, 2020. | S.D. Fla. | July 25, 2019 |
| *Michael Spehr v. Seterus, Inc.* | 4:18-cv-01922-RLW | E.D. Mo. | Nov. 13, 2018 |
| *Kay Wenger v. Seterus, Inc., et al.* | 4:18-cv-02393-JPW | M.D. Pa. | Dec. 18, 2018 |
| *Patricia Williams v. Seterus, Inc. et al.* | 2:19-cv-00693-ACA | N.D. Ala. | May 7, 2019 |

**b.  Procedural Background**

On or about November 2, 2017, Plaintiff Kenneth Koepplinger filed this initial action. Subsequently, additional plaintiffs pursued similar cases against Seterus in other venues ("the Seterus Litigation"). Below is a table identifying all of the relevant actions.

Throughout the Seterus Litigation, the Parties engaged in extensive discovery in addition to appearing at in-person hearings. A summary of the

4

Seterus Litigation is included in the Declaration of Scott C. Harris which is attached as **Exhibit 1** to the Motion.

On January 2, 2019, Robert A. Beason ("Mr. Beason") was appointed mediator in this matter. The Parties participated in settlement conferences on February 6, 2020 and June 10, 2020. After additional briefing and depositions, the Parties reached agreement on all material terms of a global settlement on November 3, 2020.

In order to effectuate global resolution of the Litigation, Plaintiffs are contemporaneously filing stipulations of dismissal without prejudice in each court where the Seterus Litigation is pending, as well as an unopposed motion for leave to file a Consolidated Amended Class Action Complaint. Seterus consents to these requests. The Consolidated Amended Complaint includes all Named Plaintiffs and the respective Settlement Classes, and includes substantially similar allegations to those provided in the complaints filed in the Seterus Litigation.

## II.      THE SETTLEMENT AGREEMENT

The key terms are:

### a.    Certification of Settlement Classes pursuant to Federal Rules of Civil Procedure, Rule 23(b)(3)

The Settlement Agreement establishes a Settlement Fund of $7,000,000.00 to pay: benefits to the Settlement Classes; administrative

expenses; and Service Awards, reasonable attorneys' fees, costs, and expenses awarded. The Parties allocated the Settlement Fund to the twelve Settlement Classes and agreed upon the release of liability and terms of the Notice Program. The Settlement Classes are defined as:

**NC Class**: All North Carolina residential mortgagors whose mortgage servicing was transferred to Seterus to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from November 2, 2013 through February 28, 2019.

**KS Class:** All Kansas residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from August 24, 2017 through February 28, 2019.

**MI Class**: All Michigan residential mortgagors whose mortgage servicing was transferred to Seterus to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from September 4, 2012 through February 28, 2019.

**FL Class**: All Florida residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or

6

commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from January 25, 2018 through February 28, 2019.

**MN Class**: All Minnesota residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from May 24, 2018 through February 28, 2019.

**NJ Class**: All New Jersey residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from September 12, 2017 through February 28, 2019.

**NY Class**: All New York residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from September 7, 2017 through February 28, 2019.

**GA Class**: All Georgia residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or

7

commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from March 1, 2018 through February 28, 2019.

**CA Class**: All California residential mortgagors whose mortgage servicing was transferred to Seterus to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from February 7, 2018 through February 28, 2019.

**MO Class**: All Missouri residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from November 13, 2017 through February 28, 2019.

**PA Class**: All Pennsylvania residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from December 18, 2017 through February 28, 2019.

**AL Class**: All Alabama residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less

8

than full payment of the "amount due" or "default amount," dated from May 7, 2018 through February 28, 2019.

The GA Class, AL Class, FL Class, CA Class, KS Class, MO Class, NJ Class, NY Class, MN Class, and the PA Class are collectively referred to as the "FDCPA Classes."

### b. <u>Appointment of Class Representatives and Class Counsel</u>

Plaintiffs Tracy Adams, Carrie Albers, Nicole Barilla, Walter Best, Jr., Lashonda Butler, David Dugan, Michael Ellison, Tristan Evans, Anita Fisher, Judith Fordham, Dani Gannon, Robert and Sandra Heinitz, Torrol Holt, Kenneth Koepplinger, Lois Kerr, Pamela Lavenhouse, Bridget Leak, Charles McDonald, Darrell Peebles, Susan Savage, Bernice Scott, Lukhwinder and Rattandeep Sidhu, Rhoda Smith, Michael Spehr, William Vaughan, Kay Wenger, and Patricia Williams ("Named Plaintiffs") and their counsel are adequate under Rule 23(a)(4). There are no conflicts between their interests and those of the proposed Class Members. For purposes of Settlement, the Parties agree that Named Plaintiffs should be appointed Class Representatives for their respective state classes.

For purposes of Settlement, the Parties further agree Scott C. Harris, and Patrick M. Wallace of Whitfield Bryson LLP; Edward H. Maginnis, Asa C. Edwards, and Karl S. Gwaltney of Maginnis Law, PLLC should be appointed

9

class counsel ("Class Counsel"), and Andrew J. McGuinness ("Mr. McGuinness") is to be appointed as Co-Class Counsel solely for the MI Class[1].

### c. <u>Settlement Benefits</u>

Pursuant to the Settlement Agreement, Defendants will pay $7,000,000.00 into the Settlement Fund in an equal amount to each unique loan associated with any Settlement Class Member dependent on their Settlement Class[2].

The net payments to each Settlement Class Member varies depending upon whether the Settlement Class Member is a member of the NC Class, MI Class or the "FDCPA Classes." The FDCPA Classes rely solely on federal relief, and are therefore inherently limited by the FDCPA's cap on statutory damages of $500,000.00 or 1% of the defendant's net worth, whichever is lower. See 15 U.S.C. 1692k *et seq.*[3] Additionally, the FDCPA requires individual class members be "in default" at the time Seterus began servicing their loan, creating potential additional defenses for Seterus. *See* Koepplinger SJ

---

[1] Mr. McGuinness is not licensed to practice in this Court, but his pro hac vice motion will be forthcoming.

[2] The monetary benefits available to members of the Settlement Classes are available on a per-loan basis. For instance if two or more people were co-signers to a loan, then they will only receive one payment that must be split evenly amongst the two or more co-signers to the loan.

[3] The CA Class defined above will be treated as an FDCPA class because the statutory remedies available under the Rosenthal Act are analogous to those available under the FDCPA.

Opinion at 41–46. As such, it is appropriate for the FDCPA Classes to receive smaller portions of the settlement, but one which still serves as a reasonable recovery for an FDCPA class action standing alone. *See e.g. Barnhill v. First Point*, Case No. 15-CV-00892 (M.D.N.C. 2019) (certifying FDCPA settlement class of $1,200,000 for 12,589 members and collecting federal and North Carolina state law cases regarding reasonableness of that figure). As part of this Settlement, the FDCPA Classes will receive approximately $100 gross per unique loan associated with any Settlement Class Members, prorated for states where $100 for each class member would exceed the FDCPA's statutory.[4] If the Settlement Agreement is approved in full, including approval of costs, attorneys' fees and service awards, then the FDCPA Class Members should net approximately $63.00, with California Class Members receiving approximately $53.00.

Michigan's state consumer protection statute, the Michigan Regulation of Collection Practices Act, MCL §§ 445.252 *et seq.* (the "MRCPA"), provides additional state law remedies for unfair debt collection, allowing recovery between $50 for non-willful and $200 for willful violations of the MRCPA. The Michigan class members will receive approximately $150 per unique loan

---

[4] California has 5923 class members. At $100 per each unique loan associated with any Settlement Class Members, California would receive $592,300.00 as a gross figure. This has been reduced to $500,000.00 and prorated amongst the unique loans associated with California Settlement Class Members.

associated with any Settlement Class Member as part of the Settlement. This is a reasonable recovery under the MRCPA. *See e.g. Martin v. Trott Law P.C. et al.*, Case No. 2:15-cv-12838 (E.D. Mich. 2018). If the Settlement Agreement is approved in full, including approval of costs, attorneys' fees and service awards, then each set of Michigan Class Members will receive approximately $95.00.

North Carolina's state consumer protection statute, the North Carolina Debt Collection Act, N.C.G.S. §§75-50 *et seq.* (the "NCDCA"), provides victims of unfair debt collection with additional remedies under state law. Plaintiffs in North Carolina can recover between $500 - $4000 per violation. Although a state-law class was not certified here, additional plaintiffs entered into representation agreements to pursue separate actions against Seterus. As part of this Settlement and release, NCDCA claims of North Carolina residents are compensated and released.

Additionally, the North Carolina case had progressed the furthest on the merits. In the North Carolina case, the Court granted summary judgment on liability and certified an FDCPA class. It is therefore fair and appropriate to allow North Carolina class members to recover additional funds. North Carolina class members will receive $286.64 per unique loan associated with any Settlement Class Member as part of the settlement. This figure is a reasonable recovery under the FDCPA and NCDCA. *See e.g. Barnhill v. First*

12

*Point*, Case No. 15-CV-00892 (M.D.N.C. 2019). If the Settlement Agreement is approved in full, including approval of costs, attorneys' fees and service awards, each set of North Carolina Class Members will receive approximately $180.00.

Below is a table summarizing the Settlement Amounts per class action filed in the Seterus Litigation:

| State | Class Size | Gross Settlement Amount | Gross Amount Per Set of Class Member | Likely Net Settlement Amount Per Set of Class Member |
|---|---|---|---|---|
| North Carolina | 9393 | $2,694,150.00 | $286.83 | $181.74 |
| California | 5923 | $500,000.00 | $84.42 | $53.49 |
| Michigan | 13583 | $2,037,450.00 | $150.00 | $95.04 |
| Kansas | 403 | $40,300.00 | $100.00 | $63.36 |
| Alabama | 496 | $49,600.00 | $100.00 | $63.36 |
| Florida | 4330 | $433,000.00 | $100.00 | $63.36 |
| Georgia | 2120 | $212,000.00 | $100.00 | $63.36 |
| Minnesota | 448 | $44,800.00 | $100.00 | $63.36 |
| Missouri | 956 | $95,600.00 | $100.00 | $63.36 |
| New Jersey | 2959 | $295,900.00 | $100.00 | $63.36 |
| New York | 3856 | $385,600.00 | $100.00 | $63.36 |
| Pennsylvania | 2116 | $211,600.00 | $100.00 | $63.36 |
| **TOTAL** | 46583 | $7,000,000.00 | | |

### d. Administration of Notice and Claims

KCC Class Action Services, LLC (together with its affiliates "KCC" or "Settlement Administrator") will serve as the Settlement Administrator. All reimbursable notice and administration expenses will be paid pursuant to the

Settlement Agreement. A Settlement Fund will be established by the Settlement Administrator for purposes of depositing settlement funds for payment of notice and administration costs and for issuing settlement checks. This cost is approximately $95,000, and Class Counsel may pay up to $110,000 from the Settlement Fund in connection with settlement administration without further approval from Defendants or the Court.

Defendants will compile a list of Settlement Class Members and provide it to the Settlement Administrator on or before December 17, 2020. Based upon the Declaration of Travis Scott, attached as Exhibit G to the Settlement Agreement, Defendants estimate there are approximately 46,600 unique loans associated with Settlement Class Members.

The Notice Plan commences fourteen (14) days after entry of the Preliminary Approval Order, which includes notice via first-class mail and a Settlement Website containing notice. The Notice Plan should be substantially complete no later than forty-five (45) days after the entry of Preliminary Approval.

Defendants shall pay $7,000,000.00 to an Escrow Agent within thirty (30) business days following entry of the Preliminary Approval Order, provided that within ten (10) days following entry of the Preliminary Approval Order, Class Counsel provide Defendants with information necessary to complete the wire transfer. Then, within thirty (30) days after the Effective Date and the

14

Settlement is final, the Settlement Administrator shall mail settlement checks.

### e.  <u>Fairness Hearing</u>

If the proposed Classes are certified and the settlement preliminarily approved, Plaintiffs, with Defendant's consent, will move the Court to hold a Final Fairness Hearing approximately 120 days after entry of Preliminary Approval Order.

### f.  <u>Attorneys' Fees and Costs and Service Awards to Class Representatives</u>

Reasonable attorneys' fees and costs will be decided by the Court at the Fairness Hearing. Plaintiffs' counsel will move for approval of an award of attorneys' fees of up to one-third (1/3) of the Settlement Fund, as well as actual costs and expenses incurred. Class Counsel will prepare an appropriate fee petition and will file it with the Court separately from final approval.

Plaintiffs will also request the Court to award Service Awards of $3,500.00 for each set of Named Plaintiffs who provided discovery and were deposed; $2,500.00 for each set of Named Plaintiffs who provided discovery; and $1,000.00 for each set of Named Plaintiffs who were prepared to provide discovery yet never had to do so. In total, this amounts to Service Awards of up to $55,000.00.

### g. Exclusions and Objections

Any Settlement Class Member who wishes to be excluded must send their request to the Settlement Administrator no later than forty-five (45) days before the Final Fairness Hearing. Any Class Member who wishes to object to the settlement must file their objection with the Court, along with any supporting documents. The Settlement Administrator will provide a list of the Settlement Class members who submitted timely exclusions, which the Parties will file with the Court.

### III. LEGAL STANDARDS

#### a. Preliminary Approval of Settlement

Federal Rule of Civil Procedure 23(e) requires judicial approval of any proposed settlement of claims brought on behalf of a class. *See* Fed. R. Civ. P. 23(e) ("The claims . . . of a certified class—or a class proposed to be certified for purposes of settlement—may be settled . . . only with the court's approval."). Courts may approve a proposed class settlement upon a "finding that [the settlement] is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). To assist the Court, Rule 23(e)(1)(A) requires the parties to "provide the Court with information sufficient to enable it to determine whether to give notice of the proposal to the class." Courts in the Fourth Circuit follow a bifurcated approach to determine whether a settlement is "fair, reasonable, and adequate" under Rule 23. *See In re MicroStrategy, Inc. Sec. Litig.*, 148

16

F.Supp.2d 654, 663 (E.D. Va. 2001) (citing *In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158 (4th Cir.1991).

To warrant class certification, a settlement class must satisfy the four threshold requirements specified in Federal Rule of Civil Procedure 23(a): (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy. Fed. R. Civ. P. 23(a); *Bussian v. DaimlerChrysler Corp.*, No. 104cv00387, 2007 WL 1752059, at * 4 (M.D.N.C. June 18, 2007). Additionally, the class must satisfy at least one of the requirements enumerated in Rule 23(b). *Gunnells v. Healthplan Servs.*, 348 F.3d 417, 424 (4th Cir. 2003). Here, the settlement Classes can be maintained under Rule 23(b)(3). In the Fourth Circuit, courts "give Rule 23 a liberal rather than a restrictive construction, adopting a standard of flexibility in application [that] will in the particular case best serve the ends of justice for affected parties and promote judicial efficiencies." *Id.*

The Fourth Circuit laid out a series of factors to consider when determining whether a proposed settlement is fair and adequate and, thereby, reasonable. *Jiffy Lube*, 927 F.2d at 159. The Court considers: (1) the posture of the case at the time settlement was proposed, (2) the extent of discovery that had been conducted, (3) the circumstances surrounding the negotiations, and (4) the experience of counsel in the area of class action litigation. *Jiffy Lube*, 927 F.2d at 159. There is a "strong presumption in favor of finding a settlement fair." *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 WL 3094955,

17

at *10 (E.D. Va. Sept. 28, 2009) (internal quotation omitted).

To determine a settlement's adequacy, the Court considers: (1) the relative strength of the plaintiff's case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement. *Id.* at 159; *MicroStrategy*, 148 F.Supp.2d at 665.

### b. <u>Conditional Class Certification</u>

To approve a class settlement, the Court must still consider the requirements for class certification under Rule 23. *In re NeuStar*, 2015 U.S. Dist. Lexis 129463, at *5-6 (E.D.V.A. Sept. 23, 2015) (citing and quoting *Gariety v. Grant Thornton, LLP*, 368 F.3d 356, 367 (4th Cir. 2004)). The Settlement Class(es) must also satisfy one of the categories of Rule 23(b). *Id.*

### c. <u>Notice Form Approval</u>

As part of the preliminary approval, the Court must also approve the Parties proposed notice to Class Members. *See* Fed. R. Civ. P. 23(c)(2)(B). The notice must comport with due process and provide "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.*; *accord Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974).

18

Furthermore, the notice must state:

> **(i)** the nature of the action;
> **(ii)** the definition of the class certified;
> **(iii)** the class claims, issues, or defenses;
> **(iv)** that a class member may enter an appearance through an attorney if the member so desires;
> **(v)** that the court will exclude from the class any member who requests exclusion;
> **(vi)** the time and manner for requesting exclusion; and
> **(vii)** the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). The form of notice is left to the Court's discretion. *See Fisher v. Va. Elec. & Power Co.*, 217 F.R.D. 201, 227 (E.D. Va. 2003) ("a court may exercise its discretion to provide the best notice practicable under the circumstances."); *see also* Fed. R. Civ. P. 23(c)(2)(B).

## IV. ARGUMENT

### a. The Proposed Settlement is Fair, Adequate, and Reasonable.

The Settlement Agreement warrants preliminary approval. In addition to being fair, adequate, and reasonable, it satisfies the standards of Rule 23. Additionally, the proposed Notice meets the requirements of due process and is accurate, informative, and easy to understand. Plaintiffs request the Court schedule a final approval hearing since Plaintiffs have met the appropriate standards for preliminary approval of settlement, class certification, and notice of settlement.

19

### i. *The Proposed Settlement is Fair*

The Parties' Settlement Agreement is fair. The fairness analysis is intended to ensure a "settlement [is] reached as a result of good-faith bargaining at arm's length, without collusion." *Berry v. Schulman*, 807 F.3d 600, 614 (4th Cir. 2015) (citing *In re Jiffy Lube*, 927 F.2d at 159). Here, there is no hint of collusion. The proposed Settlement Agreement is the product of good faith negotiations between informed counsel and reached after years of litigation. See Declaration of Scott C. Harris.

### ii. *The Proposed Settlement is Adequate*

Courts in the Fourth Circuit determine a settlement's adequacy by weighing the settlement amount against:

> (1) The relative strength of the plaintiffs' case on the merits, (2) the existence of any difficulties of proof or strong defenses the plaintiffs are likely to encounter if the case goes to trial, (3) the anticipated duration and expense of additional litigation, (4) the solvency of the defendants and the likelihood of recovery on a litigated judgment, and (5) the degree of opposition to the settlement.

*Horton*, 855 F. Supp. at 828 (quoting *Jiffy Lube,* 927 F.2d at 159). Rule 23 also requires consideration of whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:

20

(i) the costs, risks, and delay of trial and appeal;
(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
(iii) the terms of any proposed award of attorney's fees, including timing of payment; and
(iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

Each of these factors weigh in favor of finding the Settlement adequate.

*First*, Plaintiffs asserted Defendants' policy was to send form letters alleging the borrowers were in default of their mortgages, and the failure to immediately make a full and complete payment of all arrearages would result in acceleration of their loan. However, the false ultimatum contradicted Seterus' actual policy.

*Second*, the risks involved cannot be disregarded. Assuming a class were to be certified in each of the respective states, Plaintiffs faced the risks of losing on summary judgment, at trial, or on appeal. Seterus had several unique defenses which may have precluded class certification from being granted in each state.

*Third*, continued litigation through trial – and likely appeals – is lengthy and expensive. While the parties had completed discovery in at least five of the actions, there were several actions in which discovery was still in the infant stages.

*Fourth*, many Settlement Class Members suffered financial losses and the settlement benefits will be a significant recovery. Assuming the Court awards the attorneys' fees, service awards and reimbursement of costs, each set of residential mortgagors who received a Final Letter during the relevant time period will receive between $53.00 and $181.00 depending on their class. The Settlement Class Members will not have to file a claim. The Settlement Administrator has a list of all of the Class Members and is being provided a copy last known physical addresses.

*Fifth*, Plaintiffs will address the degree of opposition to the Settlement in the motion seeking final approval after notice of the proposed Settlement and an opportunity to object has been provided.

Given the litigation risks, the complexity of underlying issues, the skill of defense counsel, and the amount of money recovered for Settlement Class Members, the proposed Settlement ensures a meaningful recovery. Plaintiffs and their counsel respectfully submit that the proposed Settlement is fair and adequate, such that notice of the Settlement should be sent to the Settlement Classes.

### b. The Classes Should Be Certified for Settlement Purposes

When presented with a settlement-only class, the United States Supreme Court held that a district court must determine whether a class meets the requirements of Federal Rules 23(a) and 23(b)(2) or 23(b)(3) – save for

22

evaluation of any class manageability issues at trial. *Amchem Products, Inc.*, 521 U.S. at 591, 617, 620. Because the Settlement Classes meet Rule 23(a) and Rule 23(b)(3) standards, Plaintiffs move for conditional certification.

Certification is appropriate under Rule 23(a) if: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

### i. *Numerosity*

Rule 23(a)(1) demands evidence that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). This requirement is satisfied as long as the Court can draw reasonable inferences from the facts before it as to the appropriate size of the Class and impossibility of joinder. *Simpson v. Specialty Retail Concepts*, 149 F.R.D. 94, 98 (M.D.N.C. 1993). Here, there are approximately 46,600 Settlement Class members who will receive notice in the relevant states. *See* Declaration of Travis Scott, Exhibit G to Settlement Agreement.

### ii. *Commonality*

The Settlement Classes meet Rule 23's "commonality" requirement because "there are questions of law or fact common to the class." Fed. R. Civ.

P. 23(a)(2). The commonality requirement is met where the defendants engaged in a common course of conduct. *Fisher v. Virginia Elec. & Power Co.,* 217 F.R.D. 201, 223 (E.D. Va. 2003). The contention throughout Plaintiffs' proposed Settlement Classes is that Seterus sent a nearly identical Final Letter to every Settlement Class Member with the same false ultimatum, satisfying the commonality requirement.

### iii. *Typicality*

Class Representatives for the Settlement Classes fulfill Rule 23(a)'s "typicality" requirement because "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). For typicality to be satisfied, the "representative party's interest in prosecuting his own case must simultaneously tend to advance the interests of the absent class members." *Deiter v. Microsoft Corp.,* 436 F.3d 461, 466 (4th Cir. 2006). "Generally, the court must determine whether the asserted claims 'arise from the same event or practice or course of conduct and are based on the same legal theories as the claims of the unnamed class members.'" *Id.* at *40 (citing *Rodger,* 160 F.R.D. at 538).

Here, typicality is satisfied. Plaintiffs, representing the Settlement Classes, all received substantially similar Final Letters from Seterus with the same representation. Plaintiffs' and Class Members' home mortgages were all serviced by Seterus. Seterus' debt collection practices against Plaintiffs are

24

the same debt collection practices used with the Settlement Class Members. In this case, "[b]ecause the claims of the representative parties are the same as the claims of the class, the typicality requirement is satisfied." *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 339 (4th Cir. 2006).

### iv. *Adequate Representation*

Last, Plaintiffs meet Rule 23(a)(4)'s adequacy requirement because Class Representatives have "common interests with unnamed members of the class" and "vigorously prosecute[d] the interests of the class through qualified counsel." *Beaulieu*, 2009 U.S. Dist. LEXIS 133023, at *43 (citing *Olvera-Morales v. Intern. Labor Mgmt Corp.*, 246 F.R.D. 250, 258 (M.D.N.C. 2007)). The adequacy analysis evaluates potential conflicts of interest between named parties and the class. *Broussard v. Meineke Disc. Muffler Shops,* 155 F.3d 331, 338 (4th Cir. 1998). "…[B]asic due process requires that the named plaintiffs possess undivided loyalties to absent class members." *Id.*

Plaintiffs' interests fully align with the Settlement Classes' interests because Plaintiffs are prosecuting the same claims as the Settlement Classes, arising from Seterus' attempts to collect home mortgage debts. Plaintiffs have also reviewed the pleadings, provided documents, and maintained regular communications. As outlined in the Declaration of Scott C. Harris, eight of the Plaintiffs have also been deposed.

Plaintiffs protected the interests of the Settlement Classes by retaining

25

qualified, experienced counsel to represent the Settlement Classes. Plaintiffs'
counsel litigated this case for nearly three years with contested motions at
multiple stages of the litigation. *See* Declaration of Scott C. Harris ¶¶ 14-163.
Plaintiffs' counsel are nationally recognized for prosecuting complex class
actions, having effectively represented numerous plaintiffs in other consumer-
protection actions, class actions, and complex business cases, typically as lead
or co-lead counsel. *See* Declaration of Scott C. Harris. The Class is therefore
adequately represented to satisfy Rule 23(a)(4).

> v. *Ascertainability*

Rule 23 also contains the implied requirement that the court be able to
"readily identify the class members in reference to objective criteria." *EQT
Prod. Co.*, 764 F.3d at 358. Here, the proposed Settlement Classes meet the
implied "ascertainability" requirement, because the Settlement Class
Members are "readily identifiable." Seterus has provided a list of those
individuals who meet the respective state class definitions. *See* Declaration of
Travis Scott.

### c. **The Settlement Class Satisfies the Requirements of Rule 23(b)(3)**

Because the Settlement Classes seek to recover damages, the Court must
determine whether the Classes comply with Fed. R. Civ. P. 23(b)(3), which

authorizes class certification if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) is "designed to secure judgments binding all class members save those who affirmatively elect[] to be excluded," where a class action will "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to person similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 614-15 (internal quotations and citations omitted).

### i. *Common Questions of Law and Fact Predominate*

The Settlement Classes satisfy the predominance inquiry because the "'proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Beaulieu*, 2009 U.S. Dist. LEXIS 133023, at *60 (citing *Amchem Products,* 521 U.S. at 623). "The inquiry with respect to the predominance standard focuses on the issue of liability, and if the liability issue is common to the class, common questions are held to predominate over individual ones." *In re Red Hat, Inc. Sec. Litig.*, 261 F.R.D. 83, 89-90 (E.D.N.C. 2009) (internal citation omitted). The likelihood that class members may have suffered individual damages does not impact the predominance analysis. *See Gunnells*, 348 F.3d at 427-28.

27

Plaintiffs and Settlement Class Members are identical because they all received a substantially similar Final Letter from Seterus, and all issues are subject to the same proof: whether they received the Final Letter. In other words, the class claims predominate.

### ii. *Class Resolution of this Action is the Superior Method of Adjudication*

Plaintiffs fulfill the superiority requirement of Rule 23(b)(3). In order to determine whether the class action is the superior method of adjudicating these claims, Rule 23(b)(3) enumerates four factors: (1) class members' interests in controlling the prosecution or defense of separate actions; (2) the extent of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. Rule 23(b)(3). "The Supreme Court explained in *Amchem* that when dealing with a settlement only class pursuant to Rule 23(e), a district court need not inquire whether the case, if tried, would present intractable management problems." *Gunnells*, 348 F.3d at 440 (internal quotes omitted).

This case presents a disincentive to pursue individual lawsuits because small individual recoveries are dwarfed by the cost of litigation. If each Class Member had to sue Seterus individually, then each would have to present

evidence Seterus violated the FDCPA, the NCDCA, MRCPA, or the Rosenthal Act, which would require discovery and motion practice. Because this action arises from Seterus' purported common policies across the Settlement Classes, it presents a quintessential case suitable for aggregate treatment.

### d. <u>Plaintiffs' Notice Form and Plan Satisfies the Requirements of this Court</u>

"The court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(l). In accordance with this rule and the relevant due process considerations, adequate notice must be given to absent class members to enable them to make an intelligent choice as to whether to participate in or opt out of the Class. *See In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 326-27 (3d Cir. 1998).

#### i. *The Notice Plan Provides the Best Practicable Notice*

Notice of a proposed Settlement to class members must be the "best notice practicable." *See* Fed. R. Civ. P. 23(c)(2)(B). "[B]est notice practicable" includes "individual notice to all members who can be identified through reasonable effort." *Id.*, *Eisen,* 417 U.S. at 173. The Notice provided has been developed to provide the most comprehensive notice possible, which satisfies federal guidelines.

In this case, the Notice meets all legal requirements and provides a

comprehensive explanation of the Settlement in layperson's terms. In addition, the Settlement Administrator will establish a website with all relevant information, including the Settlement Agreement.

## ii. *The Notice States the Facts Required by Fed. R. Civ. P. 23(c)(2)(B)*

The proposed Notice provides clear and accurate information as to: (1) a the nature and principal terms of the Settlement; (2) the definitions of the Settlement Classes; (3) the claims and defenses alleged; (4) the procedures and deadlines for opting-out of or submitting objections and the date, time and place of the Final Approval Hearing; and (5) the consequences of taking or foregoing the options available to Class Members. Notice also informs Class Members about attorneys' fees and costs that may be sought by Plaintiffs' Counsel, and the contact information for Class Counsel, Defendants' Counsel, and the Court. Thus, the Notice complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. *See, e.g.*, MANUAL FOR COMPLEX LITIGATION, FOURTH § 21.311-21.312 (2008).

## e. **Plaintiffs Request That the Court Enter the Schedule in the Attached Proposed Order to Facilitate Settlement.**

Plaintiffs request the Court schedule objection and exclusion deadlines to facilitate settlement, in addition to setting a date for a final approval hearing. The final approval hearing will provide a forum to address the terms and

30

conditions of the settlement, including the fairness, adequacy and reasonableness of the settlement as well as the attorneys' fees, reimbursement of costs, and service awards to the Class Representatives. Plaintiffs have outlined the proposed schedule in the attached Proposed Order.

## V.    CONCLUSION

The Parties respectfully request the Court: (1) preliminarily approve the Settlement; (2) preliminarily certify each of the Settlement Classes; (3) approve the Class Notice; and (4) schedule a final approval hearing to consider approval of the Settlement, and approval of attorneys' fees, costs, and enhancement awards.

Dated: December 17, 2020          Respectfully submitted,

WHITFIELD BRYSON LLP

/s/ *Scott C. Harris*
Scott C. Harris
N.C. Bar No.: 35328
Patrick M. Wallace
N.C. Bar No.: 48138
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
scott@whitfieldbryson.com
pat@whitfieldbryson.com

31

MAGINNIS LAW, PLLC

Edward H. Maginnis
N.C. Bar No. 39317
Karl S. Gwaltney
N.C. Bar No. 45118
Asa C. Edwards
N.C. Bar No. 46000
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612
Telephone: 919-526-0450
Fax: 919-882-8763
emaginnis@maginnislaw.com
kgwaltney@maginnislaw.com
aedwards@maginnislaw.com

Attorneys for Plaintiffs and the
putative Classes

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was filed electronically with the clerk of court via ECF which provided notice to all parties through their counsel of record.

This the 17th day of December, 2020.

WHITFIELD BRYSON LLP

/s/ *Scott C. Harris*
Scott C. Harris
N.C. Bar No.: 35328
Patrick M. Wallace
N.C. Bar No.: 48138
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
martha@whitfieldbryson.com
scott@whitfieldbryson.com
pat@whitfieldbryson.com

33