IN THE UNITED STATED DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
1:17-cv-995

| | |
|---|---|
| TRACY ADAMS, CARRIE ALBERS, NICOLE BARILLA, WALTER BEST, JR., LASHONDA BUTLER, DAVID DUGAN, MICHAEL ELLISON, TRISTAN EVANS, ANITA FISHER, JUDITH FORDHAM, DANI GANNON, ROBERT AND SANDRA HEINITZ, TORROL HOLT, KENNETH KOEPPLINGER, LOIS KERR, PAMELA LAVENHOUSE, BRIDGET LEAK, CHARLES MCDONALD, DARRELL PEEBLES, SUSAN SAVAGE, BERNICE SCOTT, LUKHWINDER AND RATTANDEEP SIDHU, RHODA SMITH, MICHAEL SPEHR, WILLIAM VAUGHAN, KAY WENGER, AND PATRICIA WILLIAMS ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED, <br><br>Plaintiffs, <br><br>v. <br><br>SETERUS, INC., <br><br>Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **ORDER**

This cause came before the Court pursuant to the Unopposed Motion For Preliminary Approval Of Class Action Settlement, Certifying Class For Purposes Of Settlement, Directing Notice To The Class, And Scheduling Fairness Hearing. Plaintiffs Tracy Adams, Carrie Albers, Nicole Barilla, Walter Best, Jr., Lashonda Butler, David Dugan, Michael Ellison,

1

Tristan Evans, Anita Fisher, Judith Fordham, Dani Gannon, Robert and Sandra Heinitz, Torrol Holt, Kenneth Koepplinger, Lois Kerr, Pamela Lavenhouse, Bridget Leak, Charles McDonald, Darrell Peebles, Susan Savage, Bernice Scott, Lukhwinder and Rattandeep Sidhu, Rhoda Smith, Michael Spehr, William Vaughan, Kay Wenger, and Patricia Williams (collectively, "Plaintiffs"), and Seterus, Inc. ("Seterus") (collectively, "the Parties") have agreed to a Settlement Agreement ("the Settlement" or "Settlement Agreement") resolving this action;

WHEREAS, the Settlement Agreement sets forth the terms and conditions of a proposed class action settlement and Plaintiffs have moved, pursuant to Fed. R. Civ. P. 23(e) and 23(g), for an Order seeking preliminary approval of a class action settlement, certifying the settlement class, appointing settlement class counsel and settlement class representatives, approving class notice, and scheduling a fairness hearing ("Motion"), and the Court held a hearing on the motion on January 6, 2021;

IT IS ORDERED that the Motion is GRANTED, subject to the following terms and conditions:

## Class Certification for Settlement Purposes Only

1. The proposed Settlement Agreement submitted with the Motion is preliminarily approved, pending the notice and formal approval process set forth herein.

2. Based on the submissions of the parties, and for purposes of this settlement only, the Court conditionally makes the following findings:

    a. The members of the Classes defined in the Settlement Agreement are so numerous as to make joinder impracticable;

b. There are questions of law and fact common to the Classes, and such questions predominate over any questions affecting only individual Class Members;

c. Plaintiffs' claims are typical of the claims of the Class Members;

d. Plaintiffs and their counsel can fairly and adequately protect, and have to date fairly and adequately protected, the interests of the Class Members in this action; and

e. A class action is superior to other available methods for fairly and efficiently resolving the controversy placed at issue in this Action.

3. Accordingly, for settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court provisionally certifies the Classes defined as:

> **NC Class**: All North Carolina residential mortgagors whose mortgage servicing was transferred to Seterus to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from November 2, 2013 through February 28, 2019.
>
> **KS Class:** All Kansas residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from August 24, 2017 through February 28, 2019.
>
> **MI Class**: All Michigan residential mortgagors whose mortgage servicing was transferred to Seterus to whom Seterus sent a letter warning of acceleration of

the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from September 4, 2012 through February 28, 2019.

**FL Class**: All Florida residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from January 25, 2018 through February 28, 2019.

**MN Class**: All Minnesota residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from May 24, 2018 through February 28, 2019.

**NJ Class**: All New Jersey residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from September 12, 2017 through February 28, 2019.

**NY Class**: All New York residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from September 7, 2017 through February 28, 2019.

**GA Class**: All Georgia residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from March 1, 2018 through February 28, 2019.

**CA Class**: All California residential mortgagors whose mortgage servicing was transferred to Seterus to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from February 7, 2018 through February 28, 2019.

**MO Class**: All Missouri residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from November 13, 2017 through February 28, 2019.

**PA Class**: All Pennsylvania residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from December 18, 2017 through February 28, 2019.

**AL Class**: All Alabama residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default

5

amount," dated from May 7, 2018 through February 28, 2019.

Excluded from the Settlement Classes are (a) any of Defendants' respective officers, directors, and employees; (b) anyone who has previously executed a written release of all claims against Defendants related to the Final Letters and would otherwise be a member of the Settlement Classes; (c) any individuals who properly opt-out of the Settlement Classes pursuant to the procedures described herein; (d) the district judge presiding over this case and the judges of the United States Court of Appeals for the Fourth Circuit, as well as the Court's immediate family and Court staff.; (e) any person within the third degree of relationship of those individuals in categories (c) or (d); (f) the spouses of those individuals within categories (c), (d), and (e); and (g) any co-borrowers on the same subject loan of those individuals within categories (c), (d), and (e).

## **Class Counsel and Class Representative**

4. Scott C. Harris, and Patrick M. Wallace of Whitfield Bryson LLP and Edward H. Maginnis, Karl S. Gwaltney, and Asa C. Edwards, IV, of Maginnis Law, PLLC, and are appointed as Class Counsel, and for the purposes of the Michigan sub-class only, Andrew J. McGuinness is appointed as Class Counsel together with Mr. Harris, Mr. Mr. Wallace, Mr. Maginnis, Mr. Gwaltney, and Mr. Edwards.

5. Plaintiffs are appointed as representative of the Settlement Classes.

## **Preliminary Approval**

6. The Settlement Agreement is preliminarily approved as describing a settlement that is within the range of settlements that the Court would find to be fair,

6

reasonable and adequate.

7. The Court's preliminary approval is subject to the right of any Class Member to challenge the Settlement and to show cause, if any exists, why a Final Order and Judgment dismissing this Action based on the Settlement should not be entered, after due and adequate notice has been provided to the Class and a fairness hearing has been held as otherwise ordered herein.

8. The Court finds that the Settlement Agreement resulted from arm's-length negotiations, extensive investigation, and motions practice, and that the proposed settlement is sufficiently fair and reasonable so as to warrant notice thereof to the Classes, and to warrant a hearing concerning the settlement and the terms set forth in the Settlement Agreement.

### **Fairness Hearing**

9. A hearing (the "Fairness Hearing") shall be held before this Court on April 9, 2021 at 10:00 am. Due to the COVID pandemic, the Fairness hearing may be held via remote video conference. At the hearing the Court will determine whether (a) the Classes provisionally certified herein in fact satisfy each of the prerequisites for class certification set forth in Fed. R. Civ. P. 23(a) and Fed. R. Civ. P. 23(b)(3); (b) the settlement proposal described in the Settlement Agreement is fair, reasonable, and adequate; (c) orders granting final approval of the Settlement, entering final judgment and dismissing Plaintiffs' Consolidated Complaint, as provided in the Settlement, should be entered; and (d) the applications of Class Counsel for the payment of attorneys' fees and expenses and Plaintiffs' incentive awards should be approved.

10. At the Fairness Hearing, the Court will consider any properly presented objections by the Settlement Class members and the parties' responses to any such objections.

### **Pre-Hearing Notice**

11. The Court finds that the manner and content of the Settlement Notice as set forth in the Settlement Agreement and in the Exhibits to the Settlement Agreement will provide the best notice practicable to the Classes under the circumstances. The Settlement Notice will remind the class members to provide the Settlement Administrator with any updated addresses.

12. The Notice Period must commence within fourteen (14) calendar days after the entry of the Preliminary Approval Order and should be substantially complete no later than forty-five (45) days after the entry of the Preliminary Approval Order.

13. The Settlement Website shall provide access information for the Fairness Hearing.

14. The Defendants shall provide the notification required under 28 U.S.C. § 1715 to each Appropriate Federal Official and to each Appropriate State Official.

### **Requests for Exclusion from Class**

15. Any Class Member who wishes to be excluded from the proposed settlement must send a written request for exclusion to the Settlement Administrator, in care of the post office box rented for that purpose, postmarked no later than twenty-one (21) days before the Final Fairness Hearing.

16. Requests for exclusion must contain the following:

      a.     the Class Member's name, address and telephone number;

      b.     a statement by the Class Member that he/she wants to be excluded from the Class;

      c.     the name and docket number of this Action; and

      d.     the Class Member's original signature.

17. Persons who purport to opt-out of the Settlement as a group, aggregate, or class will not be considered to have validly opted out.

18. Any Class Member who does not send a timely written request for exclusion meeting the conditions described in the foregoing paragraphs shall be bound by the final Settlement and by all subsequent proceedings, orders and judgments in this Action, even if such person has pending or subsequently initiates litigation or other proceedings against any Released Parties relating to matters or the claims released in this Action.

## **Objections to Settlement**

19. Any Class Member who does not file a timely written request for exclusion may object to the fairness, reasonableness, or adequacy of the settlement.

20. Class Members may not seek to exclude themselves from the Class <u>and</u> file an objection to the proposed settlement.

21. Any member of a Class who wishes to object to any aspect of the settlement must deliver to Class Counsel and Defendants' Counsel, and file with the Court, no later than forty-five (45) days prior to the date of the Final Fairness Hearing, a written statement of his/her objection(s).

22. Written objections must include: (i) the objector's name, address, and

telephone number; (ii) the name of this Action and the case number; (iii) a statement of each objection; (iv) proof of class membership; (v) dates on which the objector is available for deposition; and (vi) a written brief detailing the specific basis for each objection, including any legal and factual support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection.

23. Class Members may raise an objection either on their own or through an attorney hired at their own expense.

24. If the objection is made through an attorney, the written objection must also include: (1) the identity and number of the Settlement Class members represented by objector's counsel; (2) the number of such represented Settlement Class members who have opted out of the Settlement Class; and (3) the number of such represented Settlement Class members who have remained in the Settlement Class and have not objected.

25. If the attorney intends to seek fees and expenses from anyone other than the objectors that he or she represents, the attorney shall also file with the Court and serve on Class Counsel and Defense Counsel not later than fifteen days before the Final Fairness Hearing a document containing the following: (1) the amount of fees sought by the attorney for representing the objector and the factual and legal justification for the fees being sought; (2) a statement regarding whether the fees being sought were calculated on the basis of a lodestar, contingency, or other method; (3) the number of hours already spent by the attorney and an estimate of the hours to be spent in the future; and (4) the attorney's hourly rate.

26. By filing an objection, objectors and their counsel submit to the jurisdiction

of the Court for all purposes relating to this matter, including but not limited to subpoenas and discovery.

27. Objectors must make themselves available for deposition by Class Counsel and Defense Counsel between the time the objection is filed and a date no later than five (5) days before the Final Fairness Hearing.

28. Any objector or objector's attorney who intends to make an appearance at the Final Fairness Hearing must deliver to Class Counsel and Defense Counsel and have file-marked by the Court, no later than thirty days before the Final Fairness Hearing, a Notice of Intent to Appear. The Notice of Intent to Appear must: (1) state how much time the Settlement Class Member anticipates needing to present the objection; (2) identify, by name, address, and telephone number, all witnesses the Settlement Class Member proposes to have testify; (3) summarize in detail the anticipated testimony of all such witnesses; (4) identify all exhibits the Settlement Class Member intends to offer in support of the objection; and (5) attach complete copies of all such exhibits.

29. Any Class Member who fails to comply with the provisions of the subsections concerning objections shall waive and forfeit any and all rights he or she may have to appear separately and/or object, and shall be bound by all the terms of the settlement, including the release of the Released Parties, and by all proceedings, orders and judgments in this Action.

## Retention of Settlement Administrator

30. The Court authorizes KCC Class Action Services, LLC to administer certain aspects of the settlement, including providing notice to the Class; establishing and

maintaining the Settlement Website; receiving and maintaining correspondence regarding requests for exclusion, intervention and objections to the settlement; responding to inquiries from Class members received through the Settlement Website, or by first-class mail or by telephone, and informing Class members to provide updated addresses as needed; and assisting Defendants' Counsel and Class Counsel with other aspects of the settlement as necessary and directed by Counsel.

31. KCC Class Action Services, LLC will also serve as the Settlement Administrator.

32. The Settlement Administrator shall perform the following duties: (a) prepare the Notice Plan; (b) disseminate the Notice of Class Settlement; (c) process claim forms and opt-out forms; (d) receive and serve on Class Counsel, Defendants' Counsel, and the Court any written objections and opt-out requests; (e) determine the amounts of the awards due to eligible Settlement Class members in accord with the terms and procedures set forth herein and the Settlement Agreement; (f) report, in summary or narrative form, to Class Counsel and Defendants' counsel regarding the completion of the tasks identified in this paragraph; (g) issue other reports and provide any and all files, documents, and data related to the Settlement Agreement, upon request, to Defendants' Counsel, or Class Counsel; (h) carry out other related tasks in accordance with the terms of the Settlement Agreement; and (i) agree to employ their best efforts to faithfully and fully perform any and all obligations and duties imposed on the Settlement Administrator pursuant to the Settlement Agreement and its exhibits and amendments (if any).

## **Effect of Final Approval**

33. If the settlement proposed by the Parties is finally approved, the Court shall enter a separate order approving the settlement, entering judgment and dismissing, with prejudice, the Class Action Complaint.

34. Such order and judgment shall be fully binding with respect to all Class Members and shall release each and every Defendant and the Released Parties, as defined in the Settlement Agreement, from any and all claims or causes of action that are based on, arise from or are related to, directly or indirectly, the Released Claims, as defined in the Settlement Agreement.

35. If final approval is not granted, the Settlement is null and void, and the Parties will revert to their positions as of November 3, 2020 without prejudice to their rights, claims, or defenses.

## **Schedule**

36. The following deadlines shall apply unless modified by further order of the Court:

    a. Notices in the form of the Exhibits to the Settlement Agreement shall be sent to Class Members via first class mail, as provided in the Settlement, starting within 14 days after entry of this Order, on or before January 20, 2021.

    b. The Notices shall be made available through the Settlement Website no later than the date the first-Class Notice is mailed.

    c. The notice period shall run until February 20, 2021, 45 days after entry of this Order.

d. Any objections to the Settlement shall be submitted on or before March 19, 2021.

e. Any notices of intent to appear at the Final Approval hearing shall be filed and served on or before March 19, 2021.

f. Any exclusions from the Settlement shall be postmarked no later than March 19, 2021.

g. The Settlement Administrator shall file proof of the mailing of the Postcard Notice and proof of the establishment and maintenance of the Settlement Website no later than March 30, 2021.

g. The Fairness Hearing shall be held at 10:00 am via remote video conference on April 9, 2021. The information to log in and view or attend the Fairness Hearing shall be posted on the Settlement Website.

h. Class Counsel shall file with this Court their petition for an award of attorneys' fees and reimbursement of expenses and request for incentive awards to the Plaintiffs no later than on March 30, 2021.

i. The parties shall file and serve papers in support of final approval of the settlement, including any responses to proper and timely objections filed thereto, by March 30, 2021.

DATED: January 6, 2021          **SO ORDERED**:

_____
UNITED STATES DISTRICT JUDGE