IN THE UNITED STATED DISTRICT COURT FOR THE
MIDDLE DISTRICT OF NORTH CAROLINA
Civil Action No.: 1:17-cv-995

TRACY ADAMS, CARRIE ALBERS, )
NICOLE BARILLA, WALTER BEST, JR., )
LASHONDA BUTLER, DAVID DUGAN, )
MICHAEL ELLISON, TRISTAN EVANS, )
ANITA FISHER, JUDITH FORDHAM, )
DANI GANNON, ROBERT AND )
SANDRA HEINITZ, TORROL HOLT, )
KENNETH KOEPPLINGER, LOIS KERR, )
PAMELA LAVENHOUSE, BRIDGET )
LEAK, CHARLES MCDONALD, )
DARRELL PEEBLES, SUSAN SAVAGE, )
BERNICE SCOTT, LUKHWINDER AND )
RATTANDEEP SIDHU, RHODA SMITH, )
MICHAEL SPEHR, WILLIAM )
VAUGHAN, KAY WENGER, AND )
PATRICIA WILLIAMS ON BEHALF OF )
THEMSELVES AND OTHERS )
SIMILARLY SITUATED, )
                                                        )
                        Plaintiffs,      )
                                                        )
v.                                                    )
                                                        )
SETERUS, INC., and                   )
NATIONSTAR MORTGAGE LLC  )
(*as successor in interest to Seterus, Inc.*),  )

_____Defendants_____

**MEMORANDUM IN SUPPORT OF MOTION FOR ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES, AND SERVICE AWARDS FOR THE <u>CLASS
REPRESENTATIVES</u>**

-

Plaintiffs Tracy Adams, Carrie Albers, Nicole Barilla, Walter Best, Jr., Lashonda Butler, David Dugan, Michael Ellison, Tristan Evans, Anita Fisher, Judith Fordham, Dani Gannon, Robert and Sandra Heinitz, Torrol Holt, Kenneth Koepplinger, Lois Kerr, Pamela Lavenhouse, Bridget Leak, Charles McDonald, Darrell Peebles, Susan Savage, Bernice Scott, Lukhwinder and Rattandeep Sidhu, Rhoda Smith, Michael Spehr, William Vaughan, Kay Wenger, and Patricia Williams (collectively, "Plaintiffs"), and the proposed class respectfully submit this memorandum of law in support of their request for an award of attorneys' fees, reimbursement of expenses, and payment of a service award for the class representatives. The undersigned submits that the amounts requested are reasonable and should be allowed, for the reasons discussed below.

## I.     NATURE OF THE MATTER BEFORE THE COURT

Plaintiffs litigated this action against Seterus, Inc. ("Seterus") and Nationstar Mortgage LLC ("Nationstar") (collectively "Seterus" or "Defendants") due to systematic use of unlawful debt collection practices based upon Seterus' form letters ("Final Letters") threatening to accelerate loans and foreclose if full and complete payment of arrearages ("Default Amount") was not made within 50 days ("Expiration Date") contradicting Seterus' actual policy. Plaintiffs brought claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, North Carolina Debt Collection Act ("NCDCA"), N.C.G.S. § 75-50; the Michigan Regulation of the Collection Practices Act, MCL § 445.252, *et seq.,* and the Rosenthal Act, Cal. Civ. Code § 1788 et seq.

The Court preliminarily approved the Settlement reached by the Parties in this matter on January 7, 2021. Plaintiffs, on behalf of the Classes, now present their motion for attorneys' fees and costs and class representative service awards. Defendants do not oppose this motion.

-

Plaintiffs' application for Fee & Costs Award and Award to the Class Representative is reasonable and fair given the circumstances of the litigation, the expertise and advocacy demonstrated by Class Counsel, and the significant results achieved for the Class by Class Counsel and the Class Representative.

## II.    BACKGROUND

### a.  Procedural Background

On or about November 2, 2017, Plaintiff Kenneth Koepplinger filed this initial action. Subsequently, additional plaintiffs pursued similar cases in other venues ("the Seterus Litigation"). Below is a table identifying all of the actions that were filed:

| Case Name | Case No. | District Court | Date Filed |
|---|---|---|---|
| *Tracy Adams v. Seterus, Inc.* | 2:18-cv-12731-DPH-EAS | E.D. Mich. | Sept. 4, 2018 |
| *Carrie Albers v. Seterus, Inc.* | 2:18-cv-02440-KHV-KGG | D. Kan. | Aug. 4, 2018 |
| *Nicole Barilla et al. v. Seterus, Inc., et al.* | 2:19-cv-00046-JLB | M.D. Fla. | Jan. 25, 2019 |
| *Anita Fisher v. Seterus, Inc., et al.* | 0:19-cv-01382-MJD-HB | D. Minn. | May 24, 2019 |
| *Judith Fordham, et al. v. Seterus, Inc. et al.* | 3:18-cv-13808-BRM-LHG | D. N.J. | Sept. 12, 2018 |

-

| | | | |
|---|---|---|---|
| *Robert Heinitz, et al. v. Seterus, Inc.* | 1:18-cv-01076-LEK-ATB | N.D.N.Y. | Sept. 7, 2018 |
| *Kenneth Koepplinger, et al. v. Seterus, Inc.* | 1:17-cv-00995-CCE-LPA | M.D.N.C. | Nov. 2, 2017 |
| *Bridget Leak v. Seterus, Inc.* | 3:19-cv-00021-TCB-RGV | N.D. Ga. | March 1, 2019 |
| *Darrell Peebles v. Seterus, Inc.* | 2:19-cv-00242-JAM-KJN | E.D. Cal. | Feb. 7, 2019 |
| *Susan Savage v. Seterus, Inc., et al.* | 2:19-cv-00021-TCB-RGV*<br><br>*Transferred to M.D. Fla. on January 15, 2020. Consolidated with *Barilla* on May 7, 2020. | S.D. Fla. | July 25, 2019 |
| *Michael Spehr v. Seterus, Inc.* | 4:18-cv-01922-RLW | E.D. Mo. | Nov. 13, 2018 |
| *Kay Wenger v. Seterus, Inc., et al.* | 4:18-cv-02393- JPW | M.D. Pa. | Dec. 18, 2018 |
| *Patricia Williams v. Seterus, Inc. et al.* | 2:19-cv-00693-ACA | N.D. Ala. | May 7, 2019 |

Throughout the Seterus Litigation, the Parties engaged extensive briefing on motions to dismiss, discovery across the country, attended several in-person hearings, attended multiple mediations, held numerous conference calls to resolve discovery issues, and briefed class certification and summary judgment. A summary of the Seterus Litigation is included in

-

the Joint Declaration of Scott C. Harris and Edward H. Maginnis which is attached as **Exhibit 1** to the Motion.

      **b.**   <u>**Terms of the Settlement Agreement.**</u>

The Settlement Agreement establishes a Settlement Fund of $7,000,000.00 to pay benefits to the Settlement Classes. The Settlement Classes are defined as:

> **NC Class**: All North Carolina residential mortgagors whose mortgage servicing was transferred to Seterus to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from November 2, 2013 through February 28, 2019.

> **KS Class:** All Kansas residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from August 24, 2017 through February 28, 2019.

> **MI Class**: All Michigan residential mortgagors whose mortgage servicing was transferred to Seterus to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from September 4, 2012 through February 28, 2019.

> **FL Class**: All Florida residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from January 25, 2018 through February 28, 2019.

> **MN Class**: All Minnesota residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of

-

default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from May 24, 2018 through February 28, 2019.

**NJ Class**: All New Jersey residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from September 12, 2017 through February 28, 2019.

**NY Class**: All New York residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from September 7, 2017 through February 28, 2019.

**GA Class**: All Georgia residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from March 1, 2018 through February 28, 2019.

**CA Class**: All California residential mortgagors whose mortgage servicing was transferred to Seterus to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from February 7, 2018 through February 28, 2019.

**MO Class**: All Missouri residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from November 13, 2017 through February 28, 2019.

-

**PA Class**: All Pennsylvania residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from December 18, 2017 through February 28, 2019.

**AL Class**: All Alabama residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from May 7, 2018 through February 28, 2019.

The GA Class, AL Class, FL Class, CA Class, KS Class, MO Class, NJ Class, NY Class, MN Class, and the PA Class are collectively referred to as the "FDCPA Classes." The net payments to each Settlement Class Member varies depending upon whether the Settlement Class Member[1] is a member of the NC Class, MI Class or the "FDCPA Classes." The FDCPA Classes rely solely on federal relief and are inherently limited by the FDCPA's cap on statutory damages of $500,000.00 or 1% of the defendant's net worth, whichever is lower. See 15 U.S.C. 1692k *et seq.*[2]

---

[1] The monetary benefits available to members of the Settlement Classes are available on a per-loan basis. For instance if two or more people were co-signers to a loan, then they will only receive one payment that must be split evenly amongst the two or more co-signers to the loan.

[2] The CA Class defined above will be treated as an FDCPA class because the statutory remedies available under the Rosenthal Act are analogous to those available under the FDCPA.

-

Below is a table summarizing the Settlement Amounts per class action filed in the Seterus Litigation:

| State | Class Size | Gross Settlement Amount | Gross Amount Per Set of Class Member | Likely Net Settlement Amount Per Set of Class Member |
|---|---|---|---|---|
| North Carolina | 9393 | $2,694,150.00 | $286.83 | $181.74 |
| California | 5923 | $500,000.00 | $84.42 | $53.49 |
| Michigan | 13583 | $2,037,450.00 | $150.00 | $95.04 |
| Kansas | 403 | $40,300.00 | $100.00 | $63.36 |
| Alabama | 496 | $49,600.00 | $100.00 | $63.36 |
| Florida | 4330 | $433,000.00 | $100.00 | $63.36 |
| Georgia | 2120 | $212,000.00 | $100.00 | $63.36 |
| Minnesota | 448 | $44,800.00 | $100.00 | $63.36 |
| Missouri | 956 | $95,600.00 | $100.00 | $63.36 |
| New Jersey | 2959 | $295,900.00 | $100.00 | $63.36 |
| New York | 3856 | $385,600.00 | $100.00 | $63.36 |
| Pennsylvania | 2116 | $211,600.00 | $100.00 | $63.36 |
| **TOTAL** | 46583 | $7,000,000.00 | | |

The Settlement Fund is substantial in light of the above-stated risks and the real threat of adverse rulings or a dramatic reduction in potential recovery. In sum, the Settlement reached here was hard-earned. Plaintiffs' request for a Fee & Expense Award and Service Award payments to Class Representatives is reasonable and reflective of the efforts and success of the case.

c. **Response by Settlement Class Members**

This Court established a deadline of March 19, 2021 for Settlement Class Members to exclude themselves from the class or to object to the settlement. As of March 24, 2021, the Settlement Administrator received only 8 requests to opt out of the class. Since there were approximately 46,000 class members who were noticed about this action, the fact that

-

there were only 8 class members who are electing to opt out shows that this matter is settlement is reasonable, fair, and it should be approved.

While there has been one objection by Dr. Sharon D. Lewis ("Dr. Lewis"), Dr. Lewis' objection is unrelated to the matters at issue in this litigation and is regarding a claim that was previously the subject of a lawsuit that she had initiated against Seterus, Bank of America and Fannie Mae in 2013 regarding the foreclosure of her home. *See Lewis v. Fed. Nat. Mortgage Ass'n*, No. 13-12649, 2013 WL 6858849, at *6 (E.D. Mich. Dec. 30, 2013), *aff'd* (Sept. 24, 2014). Further, Dr. Lewis does not object to Class Counsel's request for attorneys' fees, reimbursement of expenses, or the service awards to the class representatives.

## III.   ARGUMENT

Rule 23(h) of the Federal Rules of Civil Procedure provides that in a class action settlement, "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "It is for the district court in the first instance to calculate an appropriate award of attorney's fees." *Singleton v. Domino's Pizza, LLC*, 976 F. Supp. 2d 665, 681 (D. Md. 2013) (citing *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628 (4th Cir. 1995)). The Supreme Court has "recognized consistently that a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). The common fund doctrine, though often applied to funds created by settlements, is also a basis for recovering

9

fees from a fund created by a litigated judgment. *See, e.g., Boeing Co.*, 44 U.S. 472; *Gaskill v. Gordon*, 160 F.3d 361 (7th Cir. 1998).

Pursuant to that rule and the settlement agreement, Class Counsel now applies for a total fee award of 1/3 of the Settlement Fund, reimbursement of expenses, and Plaintiffs also request Court approval of a service award for the Settlement Class Representatives. These requests are reasonable considering the risk undertaken, the work performed and the results achieved, and are consistent with similar awards approved in this Circuit. The Settlement Agreement is the product of strenuous and efficient efforts by Class Counsel through considerable litigation in a case involving complex issues of fact and law. For the reasons that follow, these requests should be approved.

## A. The Fee Request Should Be Approved Under the Percentage of the Fund Method

The award of attorneys' fees is "within the judicial discretion of the trial judge." *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 (4th Cir. 1978) (further citation omitted). Awards of attorneys' fees in a class action settlement are made either under the percentage-of-recovery method or the lodestar method. *See Phillips v. Triad Guaranty Inc.*, 2016 WL 2636289, at * 2 (M.D.N.C. May 9, 2016) ("Courts either use the lodestar method, the percentage of the fund method, or a combination of both."); *Kay Co. v. Equitable Prod. Co.*, 749 F. Supp. 2d 455, 461-64 (S.D. W.Va. 2010).

"As its name implies, the percentage of fund method provides that the court award attorneys' fees as a percentage of the common fund" while "lodestar method requires the court to "determine the hours reasonably expended by counsel that created, protected, or

10

preserved the fund[] then to multiply that figure by a reasonable hourly rate." *Phillips*, 2016 WL 2636289, at * 2 (citations and quotations omitted). "[C]ourts prefer the percentage method." *Phillips*, 2016 WL 2636289, at * 2.

"Courts within the Fourth Circuit have cautioned against the lodestar approach in determining attorneys' fees in common fund cases such as this." *Kruger v. Novant Health, Inc.*, No. 1:14CV208, 2016 WL 6769066, at *3 (M.D.N.C. Sept. 29, 2016); See, e.g., *Archbold v. Wells Fargo Bank, N.A.*, Civil Action No. 3:13-cv-24599, 2015 WL 4276295, at *4 (S.D. W. Va. July 14, 2015) (stating a "clear consensus among the federal and state courts ... that the award of attorneys' fees in common fund cases should be based on a percentage of the recovery" because "the percentage of fund approach is the better-reasoned and more equitable method of determining attorneys' fees in such cases."); *DeWitt v. Darlington Cty.*, Civil Action No. 4:11-cv-00740-RBH, 2013 WL 6408371, at *6 (D.S.C. Dec. 6, 2013) ("The percentage-of-the-fund approach rewards, counsel for efficiently and effectively bringing a class action case to a resolution, rather than prolonging the case in the hopes of artificially increasing the number of hours worked on the case to inflate the amount of attorney's fees on an hourly basis."); *see also Strang v. JHM Mortg. Sec. Ltd. P'ship*, 890 F. Supp. 499, 503 (E.D. Va. 1995) ("[T]he percentage method is more efficient and less burdensome than the traditional lodestar method, and offers a more reasonable measure of compensation for common fund cases.").

"Indeed, there is a consensus among the federal circuit courts of appeal that the award of attorneys' fees in common fund cases may be based on a percentage of the recovery." *Ferris v. Sprint Comm'ns Co. L.P.*, No. 5:11-cv-667, 2012 U.S. Dist. LEXIS

11

198702, at *6 (E.D.N.C. Dec. 13, 2012) (quoting *Muhammad v. Nat'l City Mortgage, Inc.*, No. 2:07-0423, 2008 WL 5377783, at *7 (S.D. W. Va. Dec. 19, 2008)). *See also Jones v. Dominion Resources Services, Inc.*, 601 F. Supp. 2d 756, 758 (S.D.W. Va. 2009) ("The percentage method has overwhelmingly become the preferred method for calculating attorneys' fees in common fund cases.").

The percentage-of-the-fund method provides a strong incentive to plaintiff's counsel to obtain the maximum possible recovery in the shortest time possible under the circumstances by removing the incentive, which occurs under the lodestar method, for class counsel to "over-litigate" or "draw out" cases in an effort to increase the number of hours used to calculate their fees. *See Jones*, 601 F. Supp. 2d at 759; *see also Ferris*, 2012 U.S. Dist. LEXIS 198702, at *6 (noting that the percentage method "better aligns the interests of class counsel and class members because it ties the attorneys' award to the overall result achieved rather than the hours expended by the attorneys").

Under the percentage method, the attorney fee award is calculated by using the gross amount of benefits provided to class members, including administrative expenses, and attorneys' fees and expenses. *See Ferris*, 2012 U.S. Dist. LEXIS 198702, at *6-7 ("Under the percentage-of-the-fund method, it is appropriate to base the percentage on the gross cash benefits available for class members to claim, plus the additional benefits conferred on the class by the Settling Defendants' separate payment of attorney's fees and expenses, and the expenses of administration.").

"Many courts in the Fourth Circuit have held that attorneys' fees in the amount of 1/3 of the settlement fund is reasonable." *Chrismon v. Meadow Greens Pizza, LLC*, No.

5:19-cv-155-BO, 2020 U.S. Dist. LEXIS 119873, *12 (E.D.N.C. July 7, 2020). *See, e.g., Devine v. City of Hampton, Virginia*, No. 4:14-cv-81, 2015 WL 10793424, at *3 (E.D. Va. Dec. 1, 2015) (settlement agreement provided attorney's fees in the amount of approximately 33% of the settlement fund); *Hatzey v. Divurgent, LLC*, No. 2:18-cv-191, 2018 WL 5624300, at *4 (E.D. Va. Oct. 9, 2019) (awarding one-third of settlement fund of $2,450,000); *Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 483 (D. Md. 2014) (upholding attorneys' fee award of one third of $3,050,000 settlement fund); *Deem v. Ames True Temper, Inc.*, No. 6:10-CV-01339, 2013 WL 2285972, at *6 (S.D.W. Va. May 23, 2013) (awarding one third of settlement amount as attorneys' fee award); *Montague v. Dixie Nat. Life Ins. Co.*, No. 09 Civ. 687, 2011 WL 3626541, at *2-3 (D.S.C. Aug. 17, 2011) (finding 33% attorneys' fee award reasonable). Indeed, attorneys' fees in common fund cases typically reflect "around one-third of the recovery"[3] and courts have "awarded percentages exceeding 30%."[4] Accordingly, the one-third attorneys' fee requested is typical of common fund cases.

---

[3] *See* 5 NEWBERG ON CLASS ACTIONS § 15:73 (5th ed. 2016) (noting that a "33% figure provides some anchoring for the discussion of class action awards [to counsel]" and that "many courts have stated that … fee award in class actions average around one-third of the recovery."); *accord* Theodore Eisenberg & Geoffrey Miller, *Attorney Fees in Class Action Settlements: An Empirical Study*, 1 J. OF EMPIRICAL LEGAL STUDIES, 27, 31, 33 (2004) (finding that courts consistently award 30–33% of the common fund).

[4] *Thomas v. FTS USA, LLC*, 2017 WL 1148283, at *5 (E.D. Va. Jan. 9, 2017) (citing *In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 735 (E.D. Pa. 2001) (reviewing 289 class action settlements and finding an "average attorney's fees percentage [of] 31.31%" and a median of roughly one-third of the common fund)); *see also In re Lorazepam & Clorazepate Antitrust Litig.*, 2003 WL 22037741, at *7 (D.D.C. June 16, 2003) (noting the

13

**B. Application of commonly used factors to determine the reasonableness of Plaintiffs' fee application weigh in favor of the requested Fee & Expense Award.**

Many courts in this circuit look to common factors in determining the reasonableness of an attorney fee application in a common fund case. These factors are: (1) the results obtained for the class; (2) objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the quality, skill, and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) public policy; and (7) awards in similar cases. *In re Mills Corp. Sec. Litig.*, 265 F.R.D. 246, 261 (E.D. Va. 2009). Application of these factors supports the fee requested here.

### 1. Class Counsel achieved extraordinary results for the Settlement Classes

As the Supreme Court has held and the Fourth Circuit has discussed, the most critical factor in determining the reasonableness of an attorney fee award is "the degree of success obtained." *McDonnell v. Miller Oil Co.*, 134 F.3d 638, 641 (4th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Here, the $7,000,000.00 for the Class Members reflects an enormous success given the circumstances of this case. The size of the fund and the number of persons benefitting from the Settlement also weigh in favor of the reasonableness of the requested. The result here is all the more extraordinary in

---

well-established practice that "fee awards in common fund cases may range from fifteen to forty-five percent [.]"

14

light of the very real litigation risks faced by Plaintiffs in this matter, as described in Class Counsels' joint declaration. These likely net amounts that the Class Members will receive will be available to class members almost immediately once this Court approves the Settlement. The amount at issue and the result thus justify the requested award.

## 2. The Experience, Reputation and Ability of the Attorneys

Proper case management and effective representation in any complex class action, particularly one with novel and unique legal issues, require the highest level of experience and skill. This case was certainly no different. Class Counsel had the necessary experience and skill to manage the case. Harris & Maginnis Decl. ¶¶ 5, 55-57. As previously argued in Plaintiffs' Motion for Preliminary Approval, Class Counsel have vast experience with class action and other complex civil litigation, including litigation against commercial landlords such as Defendants. Class Counsel have considerable experience, skill, and reputation on complex civil litigation, class actions, and consumer protection cases. *Id.* Together, these law firms appointed as Class Counsel committed substantial time and resources to the litigation of this Action. Class Counsel have advanced all of the costs of the case, including substantial investments in discovery, mediation, travel, and to date, have received no reimbursement in this matter.

Over the past four years, Class Counsel have analyzed and developed the various legal theories, conducted discovery, and engaged in extensive motions practice and briefs. Through this extensive work, Class Counsel were able to evaluate the strengths and weaknesses of various claims and arrive at a hard-fought but fair resolution of this matter. All told, Class Counsel demonstrated skill and dedication in zealously litigating this matter.

15

The result is a settlement that confers a substantial benefit on Class Members. As a result, this factor justifies the fee request.

### 3. Class Counsel faced a genuine risk of non-recovery in this Complex Action.

Plaintiffs and Class Counsel faced the genuine and ever-present risk of zero recovery in this case. This case involved a host of complex legal questions in numerous jurisdictions involving the FDCPA and state consumer laws. Class actions are inherently complex, requiring Class Counsel to navigate Plaintiffs through a dual-minefield of risks attendant to the merits of the action as well as in the factors laid in Rule 23. *See Decohen v. Abbasi, LLC*, 299 F.R.D. 469, 482 (D. Md. 2014) ("public policy favors the requested award" where risk of non-payment exists "because the relevant public policy considerations involve the balancing of the policy goals of encouraging counsel to pursue meritorious . . . litigation.") (citation and internal quotations omitted).

Class Counsel, who took this matter on contingency, faced numerous challenges pursuing this action. Numerous courts have recognized that such risk deserves extra compensation and is a critical factor in determining the reasonableness of a fee. *See, e.g. In re Dun & Bradstreet Credit Svcs. Cons. Lit.*, 130 F.R.D. 366, 373 (S.D. Ohio 1990); *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 548 (S.D. Fla. 1988), *aff'd*, 889 F.2d 21 (11th Cir. 1990); *In re Cont. Ill, Sec. Lit.*, 962 F.2d 566, 569 (7th Cir. 1992).

Seterus' counsel similarly are well-respected and experienced. Given their formidable opposition, a high level of experience was required for success. *See, e.g.,*

16

*In re Royal Ahold N.V. Securities & ERISA Litig.*, 461 F. Supp.2d at 387 (class counsel competence in conjunction with highly qualified defense counsel weighs in favor of awarding requested attorneys' fees).Thus, the existence of these issues, which were issues of first impression, justify the requested fee.

### 4. The Undesirability of the Case within the Legal Community in which the Suit Arose

To Class Counsel's knowledge and experience, we are the only attorneys who have litigated cases involving Seterus' Final Letters on a class-wide basis throughout the country, signaling that other attorney have deemed the case either undesirable or too risky.

### 5. Fee Awards in Similar Cases

The fee sought by Class Counsel here is consistent with fees in similar cases in terms of size, complexity, benefit to the class, the effort required, and the likelihood of success. Courts in the Fourth Circuit award one-third of a common fund in attorneys' fees for in similar complex class actions cases. *See Kruger v. Novant Health, Inc.*, 2016 U.S. Dist. LEXIS 193107, *6 (M.D.N.C. Sep. 29, 2016) (noting that a "one-third fee is consistent with the market rate" in ERISA class action); *Scott v. Family Dollar Stores, Inc.*, 2018 U.S. Dist. LEXIS 41908, *15 (W.D.N.C. Mar. 14, 2018) (awarding one-third of the settlement fund plus reimbursement of costs); *Brown v. Lowe's Cos.*, 2016 U.S. Dist. LEXIS 192451, at *10 (W.D.N.C. Nov. 1, 2016) ("the Court finds that this case warrants the requested award of attorneys' fees and costs to class counsel...constituting one-third of the Maximum Settlement Amount as described in the Settlement Agreement. This amount is reasonable in light of the results obtained, is consistent with Fourth Circuit precedent, and is confirmed

17

as reasonable with a lodestar cross-check"); City Nat. Bank v. Am. Commonwealth Fin. Corp., 657 F. Supp. 817, 822 (W.D.N.C. 1987) (approving attorney's fee award of one-third of approximately $1.3 million class recovery); *Temp. Servs., Inc. v. Am. Int'l Grp., Inc.*, 2012 WL 2370523, at *8 (D.S.C. June 22, 2012) ("A total fee of one-third of the class settlement for all work performed and to be performed in this case is well within the range of what is customarily awarded in settlement class actions. An award of fees in this range for work performed in the creation of a settlement fund has been held to be reasonable by many federal courts" (citations omitted)). Here, Class Counsel obtained a result that merits a 1/3 of the Settlement Fund.

### 6. There Have Been No Objectors To The Fees Requested

While there has been one objection by Dr. Lewis, her objection is unrelated to the matters at issue in this litigation, and her objection is not an objection to the fees, expenses, or service awards at issue in this litigation. The number of requests for exclusion and objectors to a settlement provide insight into how class members view a settlement. Further, only 8 out of approximately 46,000 Settlement Class members submitted a request for exclusion.

### 7. The Fee Request Satisfies a Lodestar Crosscheck

As discussed earlier, the repeated approach for courts in the Fourth Circuit is to award attorneys' fees in class action settlements based on a percentage from the common fund. Some courts take a further step to ensure that the percentage method results in a reasonable attorneys' fee by performing a lodestar crosscheck. *See Domonoske v. Bank of*

18

*Am., N.A.*, 2010 U.S. Dist. LEXIS 7242, at * 62 (W.D. Va. Jan. 27, 2010) (quoting *Stop & Shop Supermarket Co. v. SmithKline Beecham Corp.*, No. Civ. A 03-4578, 2005 U.S. Dist. LEXIS 9705, 2005 WL 1213926, at *15 (E.D. Pa. May 15, 2005) ("The lodestar cross-check is performed to ensure that the percentage approach does not lead to a fee that represents an extraordinary lodestar multiple."); *Ferris*, 2012 U.S. Dist. LEXIS 198702, at *9 (applying a lodestar crosscheck).

       i.    *Lodestar Crosschecks Confirm Percentage-of-the-Fund Fee Awards*

There are two basic steps required in performing a lodestar crosscheck. First, a court multiplies the total reported hours by the attorneys' hourly fee to arrive at a base fee amount. However, "[w]hen the lodestar method is used only as a cross-check, the 'exhaustive scrutiny' normally required by that method is not necessary." *Decohen*, 299 F.R.D. at 483. Courts "may accept as reasonable class counsel's estimate of the hours they have spent working on the case." *Id.* at 482-82; *see also Jones v. Dominion Res. Servs.*, 601 F. Supp. 2d 756 (S.D.W. Va. 2009) (same); *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306-7 (3rd Cir. 2005) ("The lodestar cross-check calculation need entail neither mathematical precision nor bean-counting. The district courts may rely on summaries submitted by the attorneys and need not review actual billing records.").

For the second step in applying a lodestar crosscheck, a court "adjust[s] the lodestar figure using a 'multiplier' derived from a number of factors, such as the benefit achieved for the class and the complexity of the case." *Berry v. Schulman*, 807 F.3d 600, 619 n. 9 (4th Cir. 2015) (quoting *Kay Co.*, 749 F. Supp. 2d at 462). Courts in the Fourth Circuit

19

typically consider lodestar multipliers between 3 and 4 as the "middle" within the range of reasonable fees. *See Jones v. Dominion Res. Servs.*, 601 F. Supp. 2d 756, 766 (S.D. W. Va. 2009) (approving a lodestar multiplier between 3.4 and 4.3 as "closer to the middle of the range considered reasonable by courts"). However, when Class Counsel achieve an extraordinary settlement for the class in an expeditious manner, this supports an increased lodestar multiplier above the 4.5 level. *See Nieman v. Duke Energy Corp.*, 2015 U.S. Dist. LEXIS 148260, at * (W.D.N.C. 2015) ("the amount of the settlement and the efficiency of counsel in reaching such a resolution reinforce an upward variance from a 4.5 multiplier").

In addition to providing "an objective fee amount with which to compare the requested fee" the lodestar crosscheck "can also guard against attorney windfalls." *Kay Co.*, 749 F. Supp. 2d at 462. This protection against windfalls ensures "the fee award is still roughly aligned with the amount of work the attorneys contributed" without providing an incentive to over-work a case merely to run up the lodestar total. *Kay Co.*, 749 F. Supp. 2d at 463 (quoting *In re Cardinal Health Inc. Sec. Litigs.*, 528 F. Supp. 2d 752, 764 (S.D. Ohio 2007); *see also Ferris*, 2012 U.S. Dist. LEXIS 198702, at *9 ("By using the percentage of fund method and supplementing it with the lodestar cross-check, a court can take advantage of the benefits of both methods.") (citation omitted)).

ii.    *Class Counsel's Time, Rates, and Performance Justify Fee Award*

A lodestar crosscheck confirms the reasonableness of the requested award. As of March 24, 2021, Class Counsel has over 5,000 hours in this matter for a total lodestar of over $2,4000,000.00. Harris & Maginnis Dec. ¶ 252. This value was reached by applying

rates of $600 per hour for our time, $400 per hour for associates, and $175 for paralegals. *See, e.g.*, *Smith v. Floor and Décor Outlets of America, Inc.*, 1:15-cv-4316 (N.D. Ga.) (D.E. 67, 69) (granting WB fees with partner rates ranging from $675-775, associate rates of $375, and paralegal rates from $150 to $175). These rates are within the customary rates charged by attorneys in the Middle District of North Carolina for performing similarly complex litigation, including class actions. *See also Phillips*, 2016 WL 2636289, at *3 (approving rates of $640 to $880 per hour and associate hours from $375 to $550 per hour). Similar rates were approved by the Middle District of North Carolina in *Rush v. The NRP Group LLC,* et al., No. 1:18CV886, 2020 WL 4559002, at *3 (M.D.N.C. Feb. 27, 2020) and *Rowland v. Mid-Am. Apartments, LP*, No. 1:18CV43 (M.D.N.C. Aug. 11, 2020).

The attorneys' fees are in line with amounts approved by this court and other federal courts in North Carolina. *See Linnins v. HAECO Ams., Inc.*, 2018 U.S. Dist. LEXIS 183839, *6-8 (M.D.N.C. Oct. 26, 2018) (approving attorney's fee award representing 1.16 lodestar at $650 and $700 per hour (citing *McCoy v. North State Aviation, LLC*, No. 1:17-CV-346, Order (M.D.N.C. June 15, 2018) (using as a cross-check class counsel's hourly rates of $600 to $700 per hour for partners and calculating the lodestar multiplier as approximately 1.2); *Rehberg v. Flowers Baking Co. of Jamestown, LLC*, No. 3:12-CV-596-MOC-DSC, Final Order (W.D.N.C. June 30, 2017) (approving fees for attorneys from Pennsylvania and Minnesota as calculated using hourly rates ranging from $590 to $975 based on experience)).

Further, the hours reported are not mere estimates of Class Counsel's time; Class Counsel's lodestar was compiled from time records maintained by each individual firm.

21

See Harris & Maginnis Dec. ¶¶ 250-261. Due care was exercised by Class Counsel to avoid excessive, duplicative, and unnecessary work by effectively communicating and splitting up tasks. *Id*. However, this was a complex action due to the multiple state proceedings. Accordingly, both the number of hours worked and the rates charged are reasonable.

The final step in the lodestar crosscheck is to calculate the lodestar multiplier; i.e. to divide the sum of the percentage fee requested by the lodestar amount. Counsel's one-third request amounts to essentially a 1.0 multiplier. Accordingly, the lodestar crosscheck confirms the reasonableness of the fee request.

### C. Class Counsel's Expenses were Reasonably Incurred

Federal Rule of Civil Procedure 23(h) allows a court approving a class settlement to "award reasonable ... nontaxable costs that are authorized by law or by the parties' agreement." Accordingly, courts in the Fourth Circuit allow plaintiffs to recover "reasonable litigation-related expenses as part of their overall award." *Decohen*, 299 F.R.D. at 483 (citation omitted). These costs include reasonable out-of-pocket expenses that are normally charged by an attorney to a fee-paying client for the provision of legal services. *Id*. (*citing Singleton*, 976 F. Supp. 2d at 689). Recoverable costs may include "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services." *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988).

Class Counsel and local counsel also incurred a total of $66,271.58 in expenses in connection with the prosecution of this litigation. These expenses and costs were incurred

in the prosecution of Plaintiffs' case and in protecting the interests of the putative class. Class Counsel's request for costs and expenses should be approved as fair and reasonable given that counsel has a strong incentive to keep costs and expenses at a reasonable level due to the high risk of no recovery when the fee is contingent.

## D.    The Requested Service Award is Reasonable

Service awards are "routinely approved" in class actions to "encourage socially beneficial litigation by compensating named plaintiffs for their expenses on travel and other incidental costs, as well as their personal time spent advancing the litigation on behalf of the class and for any personal risk they undertook." *Kay* Co., 749 F. Supp. 2d at 472. Serving as a class representative "is a burdensome task and it is true that without class representatives, the entire class would receive nothing." *Id*. at 473. *See also Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998).

Class Counsel seeks a Service Award for the Plaintiffs in amounts of $3,500.00, 2,500.00, or $1,000 for serving as Class Representatives. Plaintiffs request of $3,500.00 total for each set of Plaintiffs who provided discovery and were deposed (if a husband and wife were both deposed, then the total will be $3,500); $2,500.00 total for each set of Named Plaintiffs who provided discovery, and $1,000.00 total for each set of Plaintiffs who were prepared to provide discovery and perform the requirements of a Class Representative, yet never had to do so. In total, this amounts to total Service Award for all Named Plaintiffs of $55,000.00. Specifically, Class Counsel seeks a service award of $3,500 each for the following sets of Plaintiffs: Kenneth Koepplinger; Rhoda Smith; Carrie Albers; Charles McDonald; Lois Kerr; Robert and Sandra Heinitz; and Kay Wenger. Class

23

Counsel seeks a service award of $2,500 each for the following sets of Plaintiffs: Tracy Adams; Nicole Barilla; Susan Savage; Judith Fordham; Anita Fisher; Michael Spehr; Darrell Peebles; and Patricia Williams. Class Counsel seeks a service award of $1,000 each for the following sets of Named Plaintiffs: Dani and William Gannon; Bridget Leak; Walter Best, Jr. Lashonda Butler; David Dugan; Michael Ellison; Tristan Evans; Torrol Holt; Pamela Lavenhouse; Bernice Scott; Lukhwinder and Rattandeep Sidhu; and William Vaughan.

The Plaintiffs were prepared to litigate this action through trial to properly represent the classes and fight for significant relief. Absent their efforts, the classes would have received no compensation. The requested service award is reasonable, commensurate with her efforts in the litigation, and are well within the scope of awards granted in this circuit. *In re Wachovia*, 2011 U.S. Dist. LEXIS 123109, at \*31 (awarding $5,000 in service awards to each named plaintiff).

## IV.   <u>CONCLUSION</u>

Class Counsel negotiated a favorable settlement at the time when the risk of non-recovery was the highest for all class members. For their efforts, Class Counsel requests a reasonable fee of 1/3 of the Settlement Fund and a reimbursement of reasonable expenses and costs. Additionally, Class Counsel requests the Court for a service award for the Plaintiffs in recognition of their time and effort for the Settlement Classes.

Dated: April 1, 2021          Respectfully submitted,

WHITFIELD BRYSON LLP

24

_/s/ Scott C. Harris_
Scott C. Harris
N.C. Bar No.: 35328
Patrick M. Wallace
N.C. Bar No.: 48138
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
scott@whitfieldbryson.com
pat@whitfieldbryson.com
MAGINNIS LAW, PLLC

Edward H. Maginnis
N.C. Bar No. 39317
Karl S. Gwaltney
N.C. Bar No. 45118
Asa C. Edwards
N.C. Bar No. 46000
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612
Telephone: 919-526-0450
Fax: 919-882-8763
emaginnis@maginnislaw.com
kgwaltney@maginnislaw.com
aedwards@maginnislaw.com

Attorneys for Plaintiffs and the putative
Classes

25

## CERTIFICATE OF WORD COUNT

I hereby certify pursuant to Local Rule 7.3(d)(1) of the Middle District of North Carolina, that the foregoing Memorandum of Law complies with the 6,250 word limit according to the word processing system used to process this brief.

Dated: April 1, 2021.

WHITFIELD BRYSON LLP

*/s/ Scott C. Harris*
Scott C. Harris
N.C. Bar No.: 35328
Patrick M. Wallace
N.C Bar No.: 48138
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Fax: (919) 600-5035
scott@whitfieldbryson.com
pat@whitfieldbryson.com

*Attorneys for Plaintiffs and the settlement classes*

26

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was filed electronically with the clerk of court via ECF which provided notice to all parties through their counsel of record.

Dated: April 1, 2021.


WHITFIELD BRYSON LLP


/s/ *Scott C. Harris*
Scott C. Harris
N.C. Bar No.: 35328
Patrick M. Wallace
N.C. Bar No.: 48138
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-5000
Facsimile: (919) 600-5035
martha@whitfieldbryson.com
scott@whitfieldbryson.com
pat@whitfieldbryson.com