| | |
|---|---|
| TRACY ADAMS, CARRIE ALBERS, NICOLE BARILLA, WALTER BEST, JR., LASHONDA BUTLER, DAVID DUGAN, MICHAEL ELLISON, TRISTAN EVANS, ANITA FISHER, JUDITH FORDHAM, DANI GANNON, ROBERT AND SANDRA HEINITZ, TORROL HOLT, KENNETH KOEPPLINGER, LOIS KERR, PAMELA LAVENHOUSE, BRIDGET LEAK, CHARLES MCDONALD, DARRELL PEEBLES, SUSAN SAVAGE, BERNICE SCOTT, LUKHWINDER AND RATTANDEEP SIDHU, RHODA SMITH, MICHAEL SPEHR, WILLIAM VAUGHAN, KAY WENGER, AND PATRICIA WILLIAMS ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED, Plaintiffs, v. SETERUS, INC., and NATIONSTAR MORTGAGE LLC (*as successor in interest to Seterus, Inc.*), Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL

This matter comes before the Court on Plaintiffs Tracy Adams, Carrie Albers,

Nicole Barilla, Walter Best, Jr., Lashonda Butler, David Dugan, Michael Ellison, Tristan

Evans, Anita Fisher, Judith Fordham, Dani Gannon, Robert and Sandra Heinitz, Torrol

Holt, Kenneth Koepplinger, Lois Kerr, Pamela Lavenhouse, Bridget Leak, Charles McDonald, Darrell Peebles, Susan Savage, Bernice Scott, Lukhwinder and Rattandeep Sidhu, Rhoda Smith, Michael Spehr, William Vaughan, Kay Wenger, and Patricia Williams (collectively, "the plaintiffs"), Motion for Final Approval of Class Action Settlement ("the Settlement" or "Settlement Agreement"). Seterus, Inc. and Nationstar Mortgage LLC (collectively "Seterus" or "the defendants") do not oppose this motion.

After considering the written submissions, the single objection, and after hearing oral argument from counsel and testimony from the one objector at the fairness hearing on April 9, 2021, the Court hereby grants the plaintiffs' Motion for Final Approval of the parties' Settlement and grants Class Counsel's fee application and request for service award to the Class Representatives. Docs. 116, 118.

## BACKGROUND

1. The plaintiffs brought this action against Seterus because of its systematic use of unlawful debt collection practices related to form letters ("Final Letters"), which threatened to accelerate loans and foreclose on the plaintiffs' homes if they did not make a full and complete payment of arrearages ("Default Amount") within a specified date certain ("Expiration Date"), contradicting Seterus's actual policy.

2. The plaintiffs brought claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, North Carolina Debt Collection Act ("NCDCA"), N.C.G.S. § 75-50; the Michigan Regulation of the Collection Practices Act, MCL § 445.252, *et seq.,* and the Rosenthal Act, Cal. Civ. Code § 1788 *et seq. See* Doc. 106 at ¶¶ 93–167.

3. The Settlement, *see* Doc. 107-2 at 2–59, provides benefits to former residential mortgagors of Seterus.

4. The Settlement provides benefits to over 46,000 people throughout twelve (12) states who received a "Final Letter" from Seterus when their loans exceeded the 45th day of delinquency, asserting, *inter alia*, "if full payment of the accelerate the maturity of your loan and upon such acceleration the ENTIRE indebtedness of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice become immediately due and payable." *See, e.g.*, Doc. 106-9 at 2.

5. In an order dated January 7, 2021, the Court preliminarily approved the Settlement Agreement, the proposed notice plan, and the settlement classes. Doc. 111.

6. Pursuant to the plan approved by the Court, notice was disseminated to the class. Nine class members opted out of the settlement, Doc. 117-1 at 32, and only one class member timely objected to approval of the settlement. *Id*. at ¶ 10; Doc. 113. No class member objected to either the proposed award of fees and expenses to Class Counsel or the proposed service awards to the class representatives.

## **SETTLEMENT TERMS**

7. The Settlement Agreement establishes a Settlement Fund of $7,000,000.00, which provides benefits to the Settlement Classes, pays for administrative expenses, and will be used to provide Service Awards and attorneys' fees, costs, and expenses awarded. The parties allocated the Settlement Fund to the twelve Settlement Classes and agreed upon the release of liability and the terms of the Notice Program.

8. The Settlement Classes are defined as:

3

**NC Class**: All North Carolina residential mortgagors whose mortgage servicing was transferred to Seterus to whom Seterus sent a letter substantially similar or materially identical to the North Carolina Final Letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from November 2, 2013, through February 28, 2019.

**KS Class:** All Kansas residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter substantially similar or materially identical to the Kansas Final Letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from August 24, 2017, through February 28, 2019.

**MI Class**: All Michigan residential mortgagors whose mortgage servicing was transferred to Seterus to whom Seterus sent a letter substantially similar or materially identical to the Michigan Final Letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from September 4, 2012, through February 28, 2019.

**FL Class**: All Florida residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter substantially similar or materially identical to the Florida Final Letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from January 25, 2018, through February 28, 2019.

**MN Class**: All Minnesota residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter substantially similar or materially identical to the Minnesota Final Letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from May 24, 2018, through February 28, 2019.

**NJ Class**: All New Jersey residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter substantially similar or materially identical to the New Jersey Final Letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from September 12, 2017, through February 28, 2019.

**NY Class**: All New York residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter substantially similar or materially identical to the New York Final Letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from September 7, 2017, through February 28, 2019.

**GA Class**: All Georgia residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter substantially similar or materially identical to the Georgia Final Letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from March 1, 2018, through February 28, 2019.

**CA Class**: All California residential mortgagors whose mortgage servicing was transferred to Seterus to whom Seterus sent a letter substantially similar or materially identical to the California Final Letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from February 7, 2018, through February 28, 2019.

**MO Class**: All Missouri residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter substantially similar or materially identical to the Missouri Final Letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the

5

Case 1:17-cv-00995-CCE-LPA   Document 123   Filed 04/16/21   Page 5 of 18

"amount due" or "default amount," dated from November 13, 2017, through February 28, 2019.

**PA Class**: All Pennsylvania residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter substantially similar or materially identical to the Pennsylvania Letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from December 18, 2017, through February 28, 2019.

**AL Class**: All Alabama residential mortgagors whose mortgage servicing was transferred to Seterus while in a state of default, to whom Seterus sent a letter substantially similar or materially identical to the Alabama Final Letter warning of acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated from May 7, 2018, through February 28, 2019.

9. The GA Class, AL Class, FL Class, CA Class, KS Class, MO Class, NJ Class, NY Class, MN Class, and the PA Class are collectively referred to as the "FDCPA Classes."

10. The respective state classes are being allotted the following monetary relief pursuant to the terms of the Settlement Agreement:

| State | Class Size | Gross Settlement Amount | Gross Amount Per Set of Class Member | Likely Net Settlement Amount Per Set of Class Member |
|---|---|---|---|---|
| North Carolina | 9393 | $2,694,150.00 | $286.83 | $181.74 |
| California | 5923 | $500,000.00 | $84.42 | $53.49 |
| Michigan | 13583 | $2,037,450.00 | $150.00 | $95.04 |
| Kansas | 403 | $40,300.00 | $100.00 | $63.36 |
| Alabama | 496 | $49,600.00 | $100.00 | $63.36 |

6

| Florida | 4330 | $433,000.00 | $100.00 | $63.36 |
| Georgia | 2120 | $212,000.00 | $100.00 | $63.36 |
| Minnesota | 448 | $44,800.00 | $100.00 | $63.36 |
| Missouri | 956 | $95,600.00 | $100.00 | $63.36 |
| New Jersey | 2959 | $295,900.00 | $100.00 | $63.36 |
| New York | 3856 | $385,600.00 | $100.00 | $63.36 |
| Pennsylvania | 2116 | $211,600.00 | $100.00 | $63.36 |
| **TOTAL** | 46583 | $7,000,000.00 | | |

## APPROVAL OF CLASS NOTICE

11. The Settlement Classes have been notified of the settlement pursuant to the plan approved by the Court. All but 239 class members were notified in accordance with the Court's directive. *See* Doc. 117-1 at ¶ 5.

12. Approximately 239 class members were inadvertently omitted from the initial notice program. *See id*. The Court held a status conference with the parties on March 29, 2021, and approved a joint request to provide prompt notice to the omitted members via email and direct mail. Minute Entry 3/29/2021; *see also* Doc. 117-1 at ¶¶ 5–6. All the omitted class members were served via overnight FedEx or USPS Priority mail. Doc. 117-1 at ¶ 5. The Court also approved a joint request to give these 239 class members additional time to object to or opt-out of the Settlement Terms. Minute Entry 3/29/2021; *see, e.g.*, *Augst-Johnson v. Morgan Stanley & Co., Inc.*, 247 F.R.D. 25, 26 (D.D.C. 2008) ("A district court has discretion under Federal Rules of Civil Procedure 6(b) and 60(b) to modify its order to allow a late opt-out from a class action."). Specifically, the class members were given notice that their objection deadline was extended through 9:00 AM (EDT) on April 9, 2021, and their opt-out deadline would be extended to May 29, 2021. *See* Doc. 122-1.

7

13. As stated by the Claims Administrator at the Final Approval Hearing on April 9, 2021, none of the omitted class members objected to the Settlement as of 9:00 AM (EDT). These class members had just over a week from receipt of notice to object.

14. None of these initially omitted class members asked to opt-out before the Final Approval Hearing. Minute Entry 4/09/2021.

15. After reviewing the Post-Notice Declaration of the Settlement Administrator, who was responsible for carrying out the notice program, Doc. 117-1, the representations of counsel, Doc. 117 at 9, and the letter sent to the 239 class members, Doc. 122-1, the Court finds that the notice was accomplished in accordance with the Court's directives.

16. The Court finds that the form and manner of distributing the Class Notices (i) constituted the best notice practicable under the circumstances; (ii) constituted notice that was reasonably calculated under the circumstances to apprise class members of the pendency of the Action, of their right to object to or exclude themselves from the proposed Settlement as applicable, of their right to appear at the Final Approval Hearing, and of their right to seek relief; (iii) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) complies in all respects with the requirements of Federal Rule of Civil Procedure 23, due process, and all other applicable law.

17. The Court has specifically evaluated the late notice provided to the 239 class members and finds that it was adequate. Given the absence of any substantive objection from the 46,000 class members who received timely notice, it is highly unlikely

8

that there would be an objection from these 239 class members if they had had more time to object. Their rights are further protected by the extension of the opt-out time, previously approved during the March 29 status conference and as ordered herein.

18. No later than June 4, 2021, the Settlement Administrator shall file a supplemental declaration stating whether any of these class members elected to opt-out and, if so, identifying them by name for the record.

## APPROVAL OF THE SETTLEMENT

19. The Court finds that the parties' settlement is fair, reasonable, and adequate in accordance with Rule 23. *See In re Jiffy Lube Sec. Litig.*, 927 F.2d 155, 158–59 (4th Cir. 1991). The settlement was reached at arm's length without collusion or fraud and satisfies all of the requirements for final approval. The Court has weighed the settlement offer against considerations of the complexity, expense, and likely duration of the litigation if the settlement is not approved; the odds of the plaintiffs succeeding at trial balanced by the risks of continued litigation; the range and likelihood of possible recovery if the case is tried; the opinions of the experienced class counsel and the class representatives; and the degree of opposition to the settlement. *See also infra* discussion at ¶¶ 25–30. The Court has also carefully evaluated the possibility of conflicts of interest between and among the class members and finds that the settlement does not give rise to significant conflicts of interest.

20. The nine persons identified in the Settlement Administrator's Declaration, Doc. 117-1 at 33, have timely and validly requested exclusion from the Settlement and are hereby excluded from the Settlement, are not bound by this order, and may not make

9

any claim against or receive any benefit from the Settlement, whether monetary or otherwise. Each class member not identified in the Settlement Administrator's Declaration, *id.*, or in the Supplemental Declaration required by *supra* ¶ 18 herein, are bound by this order.

21. There was one timely objection to the settlement, filed by Dr. Sharon D. Lewis. Doc. 113. That objection is without merit for two reasons.

a. First, Dr. Lewis's objection did not include the dates that she would be available for her deposition. *See id.* She did not comply with the provisions of the Court's Preliminary Approval Order, *see* Doc. 111 at ¶¶ 19–29, which were communicated to her by the class notice. Doc. 117-1 at 19 (providing instructions for how to object to the agreement with the class notice); *see also* Doc. 107-2 at 46 (§ 8.7 of the Settlement Agreement). Her objection fails to satisfy the conditions precedent for having her objection heard by this Court. For these reasons, her objection is stricken.

b. Second, even if the Court did not strike the objection, it would overrule the objection because it concerns events unrelated to the matters at issue in this litigation and relates to a claim that was the subject of a previous lawsuit about the foreclosure of her home against Seterus, Bank of America, and Fannie Mae in 2013. *See Lewis v. Fed. Nat'l Mortg. Ass'n*, No. 13-12649, 2013 WL 6858849, at *1 (E.D. Mich. Dec. 30, 2013), *aff'd,* No. 14-1082 (6th Cir. Sept. 24, 2014). Her objection does not refer to harms caused by the letters at issue here, and her testimony at the hearing about harm was conclusory. Rather, she makes reference to losing her home, failure to provide notice of servicing transfer, failure to properly apply credits during the transfer period,

10

irregularities with the modification of her loan, and the unauthorized drafting of funds from her checking account. None of the issues raised in her objection are within the scope of the claims being resolved in this Settlement and she has not otherwise raised any valid concerns that the Settlement is unfair, unreasonable, or inadequate for the Michigan Class.

22. In short, the settlement is finally approved, and the parties are directed to consummate the settlement in accordance with its terms.

23. The Settlement Administrator is hereby authorized to complete the distribution pursuant to the above table. *See supra* ¶ 10. Any order approving or modifying the distribution plan or the application for the Fee & Expense Award and Service Awards shall not affect the finality of this Final Approval Order.

24. The Court authorizes the parties, without further approval from the Court, to agree to and adopt such amendments, modifications, and expansions of the Agreement as shall be consistent in all material respects with the Final Approval Order and not limit the rights of the parties or class members. Such other and further provisions must be in writing and cannot result in a material decrease in the amount that each Settlement Class member will receive from the likely net settlement amount per set of class member.

## APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

25. The Class is represented by nationally recognized and experienced Class Counsel who resolved this matter with skill and persistence. This matter initially included thirteen different actions across twelve states and each in a separate jurisdiction. *See generally* Doc. 118-1 at ¶ 13. There were motions to dismiss filed in each action, and

11

hearings held in multiple jurisdictions. *See generally* Doc. 118-1. There were many depositions across the country. *Id.*

26. Counsel fully briefed class certification motions in North Carolina, Kansas, and Florida, and they briefed summary judgment motions in North Carolina. *Id.*

27. While motions practice, discovery, and trial preparation went forward, the parties held several mediation sessions with mediator Robert A. Beason. *Id.* at ¶ 8–10. The case eventually settled on November 3, 2020, as a result of arms-length negotiations. *Id.* at ¶ 10.

28. Class Counsel spent over 5,000 hours litigating this case, researching various state and federal debt collection laws; reviewing documents produced by Named Plaintiffs and Seterus; writing letters regarding discovery disputes; working on briefs for motions to dismiss, class certification, and summary judgment; preparing for depositions of Seterus's employees; preparing Named Plaintiffs for depositions; traveling to and from hearings across the country; traveling to and from depositions across the country; drafting settlement demands and settlement communications to Seterus; attending multiple mediations; attending status conferences across the country; working on the settlement agreement and related documents; and preparing the notice program and various notices that would be sent to class members. *See id.* at ¶¶ 265, 271, 277–80.

29. In addition to the work already performed, Class Counsel anticipates expending further time and resources to effectuate the settlement. *Id.* at ¶ 265.

30. Class Counsel's persistence in advancing the litigation ultimately led to the eventual settlement. All of these efforts have been to the benefit of the class members.

Class Counsel had to overcome many obstacles in complex, multi-state class action litigation. Class Counsel faced a genuine risk of non-recovery in this action because Seterus was also represented by qualified and experienced counsel. Throughout the litigation, Seterus maintained that its Final Letters complied with all applicable laws and did not contain any misstatements or misrepresentations. If this Court, or any other courts overseeing the respective state class proceedings, found that Seterus's Final Letters did not contain material misrepresentations, there would have been no recovery.

31. Many courts in the Fourth Circuit have held that attorneys' fees in the amount of one-third (1/3) of the settlement fund is reasonable. *See, e.g.*, *Chrismon v. Meadow Greens Pizza, LLC*, No. 5:19-cv-155-BO, 2020 WL 3790866, *5 (E.D.N.C. July 7, 2020) (collecting cases); *Kelly v. Johns Hopkins Univ.*, No. 1:16-cv-2835-GLR, 2020 WL 434473, at *3 (D. Md. Jan. 28, 2020) ("Contingent fees of up to one-third are common in this circuit.") (collecting cases); *In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 735 (E.D. Pa. 2001) (reviewing 289 class action settlements and finding an "average attorney's fees percentage [of] 31.31%" and a median of roughly one-third of the common fund).

32. An award of $2,333,333.33, or one-third (1/3) of the settlement fund of $7,000,000.00, for attorneys' fees is reasonable based upon the contingent nature of Class Counsel's work in this litigation, the results achieved, the risk undertaken, and the comprehensive work and effort involved in the prosecution and settlement of this litigation. Class Counsel achieved extraordinary results for the class of approximately 46,000 class members, obtaining a Settlement Amount of $7 million.

33.     In approving the requested fee, the Court has considered the factors listed in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978), including (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorneys and client; and (12) attorneys' fees awards in similar cases.  All of these factors either support the fee requested here or are neutral.

34.     The requested fee is also supported by a lodestar analysis.  Class Counsel report that they have already recorded a combined total of over 5,000 hours, valued in excess of $2,400,000.00.  Doc. 118-1 at ¶ 271.  The Court finds that the time and hourly rates are reasonable.

35.     Accordingly, the Court finds the request for attorneys' fees to be fair, adequate, and reasonable.

36.     Class Counsel have provided declarations specifying that they and their local counsel have incurred $66,271.58 in expenses in prosecuting this action.  *Id.* at ¶¶ 287–89.  These expenses were reasonable and necessarily incurred on behalf of the class as deposition, travel, and mediation costs.  Before the pandemic, the parties made multiple trips to various locations for hearings and depositions.  For instance, as stated in

Class Counsel's declaration, they traveled to Portland, Oregon, for depositions on three separate occasions. Class Counsel also traveled to Kansas City, Kansas, Detroit, Michigan (on two occasions), Chicago, Illinois, St. Paul, Minnesota, and other cities for depositions or hearings in this matter. *See, e.g., id.* at ¶ 172.

37. The Court finds Class Counsel's expenses were reasonably and necessarily incurred and, as a result, Class Counsel are entitled to reimbursement for their expenses of $66,271.58 in addition to the fee award.

## SERVICE AWARDS

38. Class Counsel seek a Service Award for the Named Plaintiffs in amounts of $3,500.00, 2,500.00, or $1,000 for serving as Class Representatives. Named Plaintiffs request $3,500.00 total for each set of Named Plaintiffs who provided discovery and were deposed (if a husband and wife were both deposed, then the total will be $3,500); $2,500.00 total for each set of Named Plaintiffs who provided discovery, and $1,000.00 total for each set of Named Plaintiffs who were prepared to provide discovery and perform the requirements of a Class Representative, yet never had to do so. In total, this amounts to total Service Award for all Named Plaintiffs of $55,000.00.

39. Class Counsel seeks a service award of $3,500 each for the following sets of Named Plaintiffs: Kenneth Koepplinger; Rhoda Smith; Carrie Albers; Charles McDonald; Lois Kerr; Robert and Sandra Heinitz; and Kay Wenger.

40. Class Counsel seeks a service award of $2,500 each for the following sets of Named Plaintiffs: Tracy Adams; Nicole Barilla; Susan Savage; Judith Fordham; Anita Fisher; Michael Spehr; Darrell Peebles; and Patricia Williams.

41. Class Counsel seeks a service award of $1,000 each for the following sets of Named Plaintiffs: Dani and William Gannon; Bridget Leak; Walter Best, Jr. Lashonda Butler; David Dugan; Michael Ellison; Tristan Evans; Torrol Holt; Pamela Lavenhouse; Bernice Scott; Lukhwinder and Rattandeep Sidhu; and William Vaughan.

42. The Settlement Classes received notice that Class Counsel intends to seek Service Awards for these Named Plaintiffs. Other than the objection filed by Dr. Lewis as mentioned above, no Settlement Class Member has objected to the request for class representatives to receive the service awards identified here. Accordingly, these service awards are reasonable and are approved.

## CY PRES

43. As provided in the Settlement Agreement, if any Settlement Class members fail to cash their checks within six (6) months of mailing and remaining funds are left over, such that the Settlement Fund has a positive balance, all remaining amounts in the Settlement Fund shall be disbursed to the approved *cy pres* recipient: United Way Worldwide. The Settlement Administrator is ordered to provide a report to Class Counsel of all money in the Settlement Fund left undisbursed within fifteen (15) calendar days after the 6-month period has elapsed.

**THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, and DECREED AS FOLLOWS:**

1. The motions, Docs. 116, 118, are **GRANTED**.
2. The provisional certification of the Classes as set forth in the preliminary order at Doc. 111 is now final.

3. The Settlement Agreement between the representatives of the certified Class and Seterus, is fair, reasonable, adequate, in the best interest of the Class, and it is hereby **APPROVED**. The Court directs that the Settlement Agreement be consummated pursuant to its terms and conditions and pursuant to the terms of this order.

4. The Court strikes the objection by Dr. Sharon D. Lewis. Alternatively, the Court overrules the objection by Dr. Lewis.

5. Attorneys' fees amounting to one-third of the of the $7,000,000.00 gross settlement are approved to Class Counsel;

6. Class Counsel shall also be reimbursed $66,271.58 for their expenses from the Settlement Fund;

7. Awards to the Class Representatives are awarded in the amounts requested by the plaintiffs, that is:

    a. Awards of $3,500 each for the following sets of Named Plaintiffs: Kenneth Koepplinger; Rhoda Smith; Carrie Albers; Charles McDonald; Lois Kerr; Robert and Sandra Heinitz; and Kay Wenger;

    b. Awards of $2,500 each for the following sets of Named Plaintiffs: Tracy Adams; Nicole Barilla; Susan Savage; Judith Fordham; Anita Fisher; Michael Spehr; Darrell Peebles; and Patricia Williams; and

    c. Awards of $1,000 each for the following sets of Named Plaintiffs: Dani and William Gannon; Bridget Leak; Walter Best, Jr.; Lashonda Butler; David Dugan; Michael Ellison; Tristan Evans; Torrol Holt; Pamela

Lavenhouse; Bernice Scott; Lukhwinder and Rattandeep Sidhu; and William Vaughan.

These awards shall be paid from the Settlement Fund;

8. For those 239 class members who were inadvertently omitted from the initial notice program and who received notice in late March 2021, the deadline to opt-out of the Settlement Agreement is extended to May 29, 2021;

9. The Settlement Administrator shall file a supplemental declaration by June 4, 2021, which shall identify any class member omitted from the initial notice program who decided to opt-out or shall otherwise confirm that no other class members have opted out; and

10. The Court reserves exclusive and continuing jurisdiction over the Action for the purposes of supervising the implementation, enforcement, construction, and interpretation of the Settlement Agreement.

This the 16th day of April, 2021.

**SO ORDERED**.

UNITED STATES DISTRICT JUDGE